**Robert L. and Julia T. McCULLOUGH, Appellants,**

v.

**SCARBROUGH, MEDLIN AND ASSOCIATES, INC., et al., Appellees.**

No. 05–11–01303–CV.

Court of Appeals of Texas, Dallas.

March 13, 2012.

Kathryn L. Shilling, Dallas, TX, for Appellant.

Brian P. Shaw, Leland Curtis De La Garza, Shackleford Melton & McKinley, Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION ON MOTION TO REVIEW ORDER ON SUPERSEDEAS BOND

Opinion by Chief Justice WRIGHT.

Appellants filed a motion to review order on supersedeas bond, arguing the trial court abused its discretion in ordering them to pay additional security to suspend execution of the judgment during this appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 52.001, 52.006 (West 2008); Tex.R.App. P. 24.1, 24.2(a)(1), 24.4. We conclude the trial court did not abuse its discretion and deny the motion.

## BACKGROUND

This case arises from a dispute over an accounting that was performed after appellees and appellant Robert L. McCullough ended an employment relationship. Following a jury trial, the trial court entered judgment in the total amount of $1,248,485.83 in favor of appellees. Appellants filed affidavits of net worth, and posted a cash deposit in lieu of bond in the amount of $162,800, which represented fifty percent of the net worth claimed in their affidavits. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(b); Tex.R.App. P. 24.1(a)(3), 24.2(a)(1).

Appellees filed a motion with the trial court contesting the net worth affidavits filed by appellants. Meanwhile, appellants filed a motion to reduce the cash deposit based on changed circumstances. Following a hearing, the trial court rendered an order finding that appellants had incor-

rectly calculated their net worth and ordering appellants to post additional security in the amount of $209,000. Appellants then filed this motion to review the trial court's order.

## DISCUSSION

■ A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex.2009). Section 52.006 of the civil practice and remedies code and appellate rule 24 set out the requirements for suspending enforcement of a civil judgment pending appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 52.006(a),(b) (West 2008); Tex.R.App. P. 24.1(a), 24.2. Generally, when the judgment is for money, the amount of bond or security must equal the sum of the amount of compensatory damages and costs awarded in the judgment and interest for the estimated duration of the appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 52.006(a); Tex.R.App. P. 24.2(a)(1). However, the amount of the bond may not exceed the lesser of twenty-five million dollars or fifty percent of the judgment debtor's current net worth. *See* Tex. Civ. Prac. & Rem.Code Ann. § 52.006(b); Tex. R.App. P. 24.2(a)(1). On any party's motion, we may review the sufficiency or excessiveness of the amount of security and the trial court's exercise of discretion in setting the amount of security. *See* Tex. Civ. Prac. & Rem.Code Ann. § 52.006(d); Tex.R.App. P. 24.4.

■ Appellants first argue that the trial court erred by not allowing them to deduct $365,000 of the judgment from the calculation of their net worth, because appellees did not present any expert testimony contradicting appellants' expert testimony that this amount should be excluded. However, rule 24.2 specifically refers to the judgment debtor's current net worth, which by definition does not include contingent assets or liabilities. *See* Tex.R.App. P. 24.2(a)(1)(A). As this Court has previously stated, "the plain language of the statute does not include a contingent money judgment in calculating net worth." *Anderton v. Cawley*, 326 S.W.3d 725, 726 (Tex.App.-Dallas 2010, no pet.). The trial court thus did not err in refusing to consider the $365,000 in the calculation of appellants' net worth. Similarly, appellants' second argument, that they should have been allowed to deduct contingent tax liabilities from their net worth calculations, fails because the trial court was within its discretion in finding these contingent tax liabilities are not a part of current net worth.

■ Appellants' third argument is that the trial court should have calculated their net worth as of the time of the hearing, and not as of the time they filed their net worth affidavits and deposit in lieu of bond, because their net worth had decreased by the time of the hearing. Again, rule 24.2 refers to "current" net worth, and requires the net worth affidavit to be filed simultaneously with the cash deposit. *See* Tex.R.App. P. 24.2(c)(1). Appellants' net worth declined largely because they chose to deposit a sum of money with the court to supersede the judgment. The rule clearly anticipates that net worth is calculated before such a cash deposit is made, and not after.

■ Next, appellants argue that the trial court erred in requiring them to post an additional $209,000 because they demonstrated they were likely to suffer substantial economic harm if required to post the additional security. *See* Tex. Civ. Prac. & Rem.Code Ann. § 52.006(c); Tex.R.App. P. 24.2(b). Whether or not appellants are likely to suffer substantial economic harm is a question of fact that we review for abuse of discretion. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171

S.W.3d 905, 918 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Here, the evidence presented supported findings that appellants could access the necessary funds from their retirement accounts, had made only one attempt to borrow the necessary money, and were in the process of selling a real estate trust investment asset to pay the costs of appeal. Under these circumstances, the trial court did not abuse its discretion in concluding that appellants would not suffer substantial economic harm by posting the additional security required.

Finally, appellants argue the amount of the judgment is improper because it awards duplicative damages for a single injury. *See Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 303 (Tex. 2006). Supersedeas bonds are based on the amount of the judgment awarded. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(a); TEX.R.APP. P. 24.2(a)(1). Whether or not the amount of the judgment is correct will be determined after the case is submitted on the merits, not on an appeal from an order setting a supersedeas bond.

We deny appellants' motion to decrease the amount of the bond required by the trial court.