COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
 BUSINESS STAFFING, INC., TRANSGLOBAL
 INDEMNITY, LTD., INC., HARRY SEWILL, RICHARD GABLE CHAPMAN, BART BOGUS, BSI
 INSURANCE SERVICES, INC., TRANSGLOBAL MORTGAGE, INC., and LHR ENTERPRISES,
 INC.,
  
                            
 Appellants,
  
 v.
  
 JACKSON HOT OIL SERVICE d/b/a
 JACKSON BROTHERS HOT OIL
 SERVICE and CODY JACKSON,
  
                            
 Appellees.
 
 
   §   
   §
    
   §
    
   §
    
  §
  
 §
  
 §
  
 §
  
 §
  
 
 
  
  
  
  
                   No. 08-11-00092-CV
  
 Appeal from the
  
 109th
 Judicial District Court 
  
 Of
 Andrews County, Texas 
  
 (TC# 17,301) 
  
 
 


 

OPINION 
ON  MOTION

            Pending
before the Court is a motion filed by Transglobal Indemnity, Ltd. (TGI), Harry
Sewill (“Sewill”), Richard Gable Chapman (“Chapman”), Transglobal Mortgage,
Inc. (“TGM”), and LHR Enterprises (“LHR”) to set aside or modify the trial
court’s order increasing the supersedeas bond to $2,176,051.[1]
 See
Tex.R.App.P. 24.4.  We deny Appellants’ motion and affirm the
trial court’s order.

BACKGROUND

 

            Jackson
Hot Oil Service d/b/a Jackson Brothers Hot Oil Service and Cody Jackson (the “Jacksons”
or “Appellees”) filed suit against Appellants for:  (1) common law fraud; (2) fraudulent
concealment; (3) negligent misrepresentation; (4) breach of fiduciary duty; (5)
breach of the duty of good faith and fair dealing; (6) civil conspiracy; (7)
conspiracy to unlawfully engage in the business of insurance; (8) negligence;
(9) violations of the Texas Insurance Code; and (10) violations of the
Deceptive Trade Practices Act.

At the
conclusion of the trial, the jury awarded damages to Cody Jackson in the amount
of $1,534,902.  On December 22, 2010, the
trial court signed a judgment which awarded Cody Jackson $1,534,902 jointly and
severally against Sewill, Chapman, TGM, and LHR and provided that out of and as
part of the $1,534,902 TGI was liable to Cody Jackson for $767,451.[2]

Claiming a
negative net worth, Appellants each posted $150 cash in lieu of a bond to
supersede enforcement of the judgment.  Appellees
then filed a Contest of Defendants’ Deposit in Lieu of Bond and the trial court
conducted a hearing on same on December 13, 2011.  Appellees contended that under Texas Rule of
Appellate Procedure 24.2, the trial court should strike the affidavits filed by
Defendants as insufficient under the Rule, and increase the amount of the
supersedeas bond to conform with the rule.

Sewill’s
affidavit listed total assets of $202,050 and total liabilities of $1,689,500
for a negative net worth of $1,487,450. 
Chapman’s affidavit listed total assets of $132,699 and total
liabilities of $1,594,500 for a negative net worth of $1,461,801.  BSI claimed a negative net worth of
$12,941,517.93.  LHR claimed a negative
net worth of $1,030,230.28.  TGM claimed
a negative net worth of $528,189.71.  TGI
claimed a negative net worth of $830,261.15.

At the
conclusion of the hearing, the trial court granted the relief requested by
striking each of the Defendants’ Certificates of Cash in Lieu of Bond as
insufficient, and set the supersedeas bonds as follows:  Transglobal Indemnity, Ltd. -- $471,619; Harry
Sewill-- $461,660; Richard Gable Chapman -- $474,984; Transglobal Mortgage,
Inc. -- $509.405; and LHR Enterprises -- $258,383.[3]
 The trial court determined that the
evidence presented at the hearing established that the defendants each included
the judgment in the instant case as a liability in order to show a negative net
worth, which, absent the judgment, would be positive.[4]

In their
motion, Appellants claim that the trial court erred by not including the amount
of the judgment in the instant case in its calculation of the net worth of each
Appellant and that the increase in the amount of their respective bonds would
cause them to suffer substantial economic hardship.

DISCUSSION

 

Under Rule 24.1
of the Rules of Appellate Procedure, a judgment debtor may supersede a judgment
by:  (1) filing with the trial court
clerk a written agreement with the judgment creditor for suspending enforcement
of the judgment; (2) filing with the trial court clerk a good and sufficient
bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4)
providing alternate security ordered by the trial court.  When the judgment is for money, the amount of
the bond, deposit, or security must equal the sum of compensatory damages
awarded in the judgment, interest for the estimated duration of the appeal, and
costs awarded in the judgment.  Tex.R.App.P. 24.2(a)(1).  However, the amount must not exceed the lesser
of 50 percent of the judgment debtor’s current net worth or 25 million dollars.  Tex.R.App.P. 24.2(a)(1).

Rule 24.2(c)
sets forth the procedure for determining net worth.  A judgment debtor who provides a bond,
deposit, or security under Rule 24.2(a)(1)(A) in an amount based on the debtor’s
net worth must simultaneously file an affidavit that states the debtor’s net
worth and states complete, detailed information concerning the debtor’s asset
and liabilities from which net worth can be ascertained.  Tex.R.App.P.
24.2(c)(1).  The affidavit is prima facie evidence of the debtor’s net
worth.  Id.  A judgment creditor may
file a contest to the debtor’s affidavit of net worth.  Tex.R.App.P.
24.2(c)(2).  Net worth is calculated as
the difference between total assets and total liabilities as determined by
generally accepted accounting principles.  Texas
Custom Pools, Inc. v. Clayton, 293 S.W.3d 299, 305 (Tex.App.--El Paso 2009,
no pet.); G.M. Houser, Inc. v. Rodgers,
204 S.W.3d 836, 840 (Tex.App.--Dallas 2006, no pet.).  At the hearing on the judgment creditor’s
contest, the judgment debtor has the burden of proving net worth.  Tex.R.App.P.
24.2(c)(3).  The trial court is required
to issue an order that states the debtor’s net worth and states with
particularity the factual basis for that determination.  Id.  The trial court is also
authorized to enjoin the judgment debtor from dissipating or transferring
assets to avoid satisfaction of the judgment.  Tex.R.App.P.
24.2(d).  On the motion of a party, an
appellate court may review the sufficiency or excessiveness of the amount of
security.  Tex.R.App.P. 24.4(a); Texas
Custom Pools, Inc., 293 S.W.3d at 305; G.M.
Houser, Inc., 204 S.W.3d at 840.

We review the
trial court’s determination of the amount of security for an abuse of
discretion.  Texas Custom Pools, Inc., 293 S.W.3d at 305; G.M. Houser, Inc., 204 S.W.3d at 840.  If we conclude the trial court abused its
discretion, we may order the amount of the security increased or decreased in
an amount not to exceed the lesser of 50 percent of the judgment debtor’s net
worth or $25 million.  Tex.R.App.P. 24.4(a).

In conducting
this review, we engage in a two-pronged analysis:  (1) Did the trial court have sufficient
information upon which to exercise its discretion; and (2) Did the trial court
err in its application of discretion?  Leibman v. Grand, 981 S.W.2d 426, 429
(Tex.App.--El Paso 1998, no pet.).  The
traditional standards utilized to review sufficiency of the evidence come into
play when considering the first question.  Id.
at 429-30.  We then proceed to determine
whether, based on the elicited evidence, the trial court made a reasonable
decision, or whether it is arbitrary and unreasonable.  Id. at 430.  The question is not whether, in the opinion of
the reviewing court, the facts present an appropriate case for the trial court’s
action, but whether the court acted without reference to any guiding rules and
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
 The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than
an appellate judge in a similar circumstance does not demonstrate that an abuse
of discretion has occurred.  Leibman, 981 S.W.2d at 430.

Appellants had
the burden to prove their net worth and therefore, must show the evidence
conclusively establishes, as a matter of law, all vital facts in support of
their position.  Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Texas Custom Pools, Inc., 293 S.W.3d at 306;
G.M. Houser, Inc., 204 S.W.3d at
840-41.  In reviewing a “matter of law”
challenge, we must first examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary.  Sterner,
767 S.W.2d at 690.  If there is no
evidence to support the finding, we must then examine the entire record to
determine if the contrary proposition is established as a matter of law.  Sterner,
767 S.W.2d at 690.  In conducting our
review, we must consider the evidence in the light most favorable to the
challenged finding and indulge every reasonable inference that would support
it.  G.M.
Houser, Inc., 204 S.W.3d at 841, citing
City of Keller v. Wilson, 168 S.W.3d
802, 822 (Tex. 2005).  We must credit
favorable evidence if a reasonable fact finder could and disregard contrary
evidence unless a reasonable fact finder could not.  Id.,
citing City of Keller, 168 S.W.3d at 827; Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C., 171 S.W.3d
905, 910 (Tex.App.--Houston [14th Dist.] 2005, no pet.).  Finally, we must determine whether the evidence
before the trial court would enable reasonable and fair-minded people to find
the facts at issue.  Id.  We also bear in mind
that the fact finder is the sole judge of the credibility of the witnesses and
the weight to give their testimony.  Id.

In reviewing
the factual sufficiency of the evidence, we consider all of the evidence in the
record.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Texas Custom Pools, Inc., 293 S.W.3d at
306.  If a party is attacking the factual
sufficiency of an issue upon which it had the burden of proof, it must
demonstrate that the adverse finding is against the great weight and
preponderance of the evidence.  Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983); Marrs and Smith Partnership
v. D.K. Boyd Oil and Gas Co., Inc., 223 S.W.3d 1, 14 (Tex.App.--El Paso
2005, pet. denied).  In reviewing a
factual sufficiency issue, we must first examine the record to determine if
there is some evidence to support the finding; if so, then we must determine
whether the failure to find is so contrary to the overwhelming weight and
preponderance of the evidence as to be clearly wrong and manifestly unjust.  Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); Texas
Custom Pools, Inc., 293 S.W.3d at 306.

After a review
of the law, the briefs, and the record, and similar to the circumstances
presented in Montelongo v. Exit Stage
Left, Inc., 293 S.W.3d 294 (Tex.App.--El Paso 2009, no pet.), we note that Appellants
cite no authority supporting their contention that the judgment must be
included in calculating current net worth for purposes of a supersedeas bond.  Indeed, “the plain language of the statute
does not include a contingent money judgment in calculating net worth.”  McCullough
v. Scarbrough, Medlin & Associates, Inc., --- S.W.3d ---, 2012 WL
826177 *1 (Tex.App.--Dallas 2010, no pet.); Anderton
v. Cawley, 326 S.W.3d 725, 726 (Tex.App.--Dallas 2010, no pet.); Tex.R.App.P. 24.2 (a)(1)(A).

Here, Appellants
carried their burden of filing an affidavit of net worth, which is prima facie evidence of the net worth.  Tex.R.App.P.
24.2(c)(1).  Appellees filed a contest to
the debtor’s affidavit of net worth.  Tex.R.App.P. 24.2(c)(2).  Appellants presented the testimony of Alan
Sanderson, a licensed certified public accountant in the state of Texas.[5]  Mr. Sanderson testified that while he did not
conduct a formal review or perform an audit of Appellants affidavits and
balance sheets, he did look at the
numbers provided to him and concluded that judgment should be included on the
balance sheets for each Appellant if the judgment was entered prior to the date
of the balance sheet.[6]
 He also testified that he was unaware
that the judgment against Appellants was based, at least in part, on fraud.  Finally, Mr. Sanderson testified that he had
no opinion as to the accuracy of the limited information contained in
Appellants’ affidavits and balance sheets inasmuch as he was unaware of and had
not seen any of the source material used to generate that information.

The trial court
properly determined that because the judgment is a contingent liability it would
not be included in the net worth calculation.  See
McCullough, 2012 WL 826177 at *1; Anderton,
326 S.W.3d at 726; Montelongo, 293
S.W.3d at 298-99.  Further, the trial
court had sufficient information upon which to exercise its discretion, and did
not err in its application of that discretion in this case.  See
Liebman v. Grand, 981 S.W. 2d at 429. 
Bearing in mind that the fact finder is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, we
conclude that the trial court’s decision was neither arbitrary nor
unreasonable.  We find that the trial
court did not abuse its discretion because the trial court did not act without
reference to any guiding rules or principles.  Downer,
701 S.W.2d at 241-42.

Appellants also
argue that the trial court erred by increasing the amount of the supersedeas
bond because they demonstrated that they were likely to suffer substantial
economic harm if required to post the additional security.  See
Tex.R.App.P. 24.2(b).  Whether or not Appellants are likely to
suffer substantial economic harm is a question of fact that we review for abuse
of discretion.  Ramco Oil & Gas, Ltd., 171 S.W.3d at 918.  Here, the evidence presented supported the
trial court’s findings that Appellants had access to the necessary funds to
post an adequate bond to suspend enforcement of the judgment once the
contingent liability of the judgment was removed from the net worth calculation
for purposes of posting said bond.  Under
these circumstances, and in light of the evidence and in consideration of the
entire record, the trial court did not abuse its discretion in concluding that
Appellants would not suffer substantial economic hardship by posting the
additional security required.

CONCLUSION

 

Appellants’ Motion
to Set Aside or Modify the Trial Court’s Order Increasing Supersedeas Bond is
DENIED.  Further, our order issued on
January 26, 2012 suspending enforcement of the judgment pending resolution of
the Rule 24.4 motion is dissolved.

 

 

 

April 27, 2012                                                 PER
CURIAM

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
Business Staffing, Inc. (“BSI”), Bart Bogus (“Bogus”), and BSI Insurance
Services, Inc. (“BSIIS”) are also Appellants in the underlying case, but are
not parties to this motion.

 





[2]
The judgment also awarded other additional damages in favor of Cody Jackson
against Sewill, Chapman, and TGI as well as pre- and post-judgment interest and
costs.





[3]
The trial court determined that these amounts represented fifty percent of the
net worth of each defendant as found by the court relative to their respective
judgment liability for compensatory damages. 
The trial court also found that the judgment in the instant case should
not be included in the net worth calculations for purposes of posting a
supersedeas bond.

 





[4]
The trial court also found that in their affidavits and balance sheets, Sewill
and Chapman did not report all of their assets, specifically the fact that each
owned a one-third stock equity interest in LHR Enterprises and its assets.





[5]
Sewill and Chapman also testified at the hearing.

 





[6]
Mr. Sanderson testified that the inclusion of the judgment on the balance
sheets would be appropriate under Generally Accepted Accounting
Principles.  However, he did not testify
that the judgment must be included in the net worth calculation for purposes of
a supersedeas bond.