**Order Modified and Opinion Filed August 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00537-CV

### JOSEPH ASHMORE, JR., ALLAN CLARK, AND FINANCIAL RISK SPECIALISTS, INC., Appellants
### V.
### JMS CONSTRUCTION, INC. AND DAVID PERLEY, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-13260**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Justice Lang-Miers

Before the Court is appellant Joseph E. Ashmore, Jr.'s motion for reconsideration of this Court's June 15, 2016 order and opinion regarding the supersedeas bond. Ashmore has now brought forward the reporter's records from the two trial court hearings on the supersedeas bond. We grant the motion to reconsider, withdraw this Court's June 15, 2016 opinion, and vacate the order of the same date. This is now the opinion of the Court.

On January 26, 2015, the trial court signed the final judgment for JMS Construction, Inc. (JMS). The judgment awarded damages in the amount of $1,050,000.00 against appellant Allan Clark and damages in the amount of $1,500,000 against appellants Financial Risk Specialists, Inc. and Ashmore, jointly and severally. On June 1, 2015, Ashmore filed his net worth affidavit asserting a negative net worth of $3,753,614.24. Attached to his affidavit was a Personal

Financial Statement prepared by his accountant. On August 17, 2015, JMS filed an objection to Ashmore's affidavit complaining that the list of liabilities and assets was incomplete and that it lacked sufficient detail. JMS also asserted that Ashmore wrongly included two prior judgments against him for fraud as liabilities.

The trial court conducted a hearing on JMS's objections on April 25, 2016. At the hearing, the trial court found that Ashmore's affidavit was deficient because it did not provide details as to how the net worth determination was made. On April 28, 2016, the trial court signed an order determining Ashmore's net worth to be $494,201.00 and setting the supersedeas bond at $247,100.50.

Ashmore filed a motion to reconsider asking the trial court to lower the bond to zero dollars. Ashmore asserted the trial court had erred by not including two prior judgments against him in the total amount of $4,500,000.00 as non-contingent liabilities in determining his net worth. Following a hearing on the motion to reconsider and absent any request to increase the amount of the bond, the trial court signed an order on May 18, 2016 *increasing* the supersedeas bond to $997,100.50. In doing so, the trial court found that Ashmore was in possession of the $1,500,000.00 that the jury in the underlying case found he had stolen, defrauded, and misappropriated from JMS and, therefore, those funds should be considered an asset of Ashmore's.

As a rule, a judgment debtor is entitled to supersede the judgment pending appeal. TEX. R. APP. P. 24.1(a), (f). For a money judgment, the amount of bond must equal the sum of the compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment but must not exceed the lesser of 50% of the judgment debtor's net worth or $25 million. *See* TEX. R. APP. P. 24.2(a)(1). A judgment debtor who posts a bond under appellate rule 24.1 must simultaneously file with the trial court clerk a net worth

affidavit that provides detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. *See* TEX. R. APP. P. 24.2(c)(1). Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles (GAAP). *See Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 915 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Net worth, however, does not include contingent assets or liabilities. *See McCullough v. Scarbrough, Medlin and Assoc., Inc.*, 362 S.W.3d 847, 849 (Tex. App.—Dallas 2012, no pet.).

A judgment creditor may contest the net worth affidavit and conduct reasonable discovery concerning the judgment debtor's net worth. *See* TEX. R. APP. P. 24.2(c)(2). The judgment debtor bears the burden of proving net worth at the hearing on the contest. *See* TEX. R. APP. P. 24.2(c)(3). Testimony from interested witnesses may establish a fact as a matter of law only if the testimony could readily be contradicted if untrue, and is clear, direct, and positive, and there are no circumstances tending to discredit it. *See Lofton v. Tex. Brine Corp.*, 777 S.W.2d 384, 386 (Tex. 1989). The trial court, as the trier of fact, is the sole judge of the credibility of witnesses and the weight to be given their testimony. *See In re P.C.S.*, 320 S.W.3d 525, 543 (Tex. App.—Dallas 2010, pet. denied).

We review a trial court's determination of the amount of security for an abuse of discretion. *See Imagine Automotive Group, Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.). The trial court abuses its discretion if the evidence is legally or factually insufficient to support its findings. *See G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). The failure of the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *See Ramco Oil & Gas*, 171 S.W.3d at 910.

In his motion before this Court, Ashmore asks that both orders be reversed and the supersedeas bond be reduced to zero dollars. In his first issue, he contends the trial court abused its discretion in increasing his net worth in the May order. At the hearing on Ashmore's motion to reconsider and reduce the supersedeas bond set forth in the April 28th order, the trial court increased its prior net worth determination after including $1,500,000.00 as an asset of Ashmore. The $1,500,000.00 is the amount the jury in this case found that Ashmore stole from JMS. In doing so, the trial court included as an asset an amount awarded in the judgment that is the subject of this appeal. The trial court is not allowed to include a contingent asset in determining a party's net worth. *See McCullough*, 362 S.W.3d at 849. Because the trial court failed to apply the law correctly, we conclude it abused its discretion in increasing Ashmore's net worth by $1,500,000.00. *See Ramco Oil & Gas*, 171 S.W.3d at 910. We sustain Ashmore's first issue.

In his second issue, Ashmore contends the trial court erred in disallowing the two prior judgments against him as liabilities for purposes of determining his net worth. Ashmore was the sole witness at the April hearing and no witnesses testified at the May hearing. Prior to his testimony, the trial court granted a running objection to Ashmore's testimony on the basis that Ashmore was not qualified to testify as to GAAP.

The trial court did not find Ashmore's testimony as to the two prior judgments credible because he offered no testimony as to whether the judgments will be paid or discounted due to a settlement. At the conclusion of the April 25th hearing, the trial judge explained on the record his reasons for excluding the two judgments as liabilities as follows:

> And as far as liabilities under GAAP, whether certain liabilities, contingent liabilities are listed, including even final judgments, they're considerations to the probabilities of they'll be paid whether they can be discounted and settled and the like. There are a lot of factors that go into that.

> Again, the judgment debtor has the burden of proof, so I don't think they met the burden of proof on those liabilities, so that's how we get to $494,201.

In the May order, the trial court again explained that it excluded the prior judgments as liabilities "as there was no evidence to suggest that these amounts were properly listed as liabilities per GAAP" and "there was no evidence nor discussion as to whether the judgments were definite or contingent liabilities, affecting whether, according to GAAP, they should be listed as liabilities, in whole or in part, in a net worth determination." On the record before this Court, we conclude the trial court did not abuse its discretion in excluding the two prior judgments as liabilities in determining Ashmore's net worth. We overrule Ashmore's second issue.

We modify the trial court's May 18, 2016 order by reducing Ashmore's net worth to $494,201.00 and reducing the supersedeas bond to $247,100.50.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150537NF.P05