**Affirmed; Opinion Filed August 12, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-18-01020-CV
_____

**JERRY GRISAFFI, Appellant**
**V.**
**ROCKY MOUNTAIN HIGH BRANDS, INC. F/K/A REPUBLIC OF TEXAS BRANDS, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15441**

# MEMORANDUM OPINION ON MOTION TO STRIKE OR DECREASE AMOUNT OF SECURITY

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Justice Nowell

Before the Court is Jerry Grisaffi's motion to strike or decrease the amount of security set by the trial court to supersede a judgment awarding, in part, $3.5 million in damages to Rocky Mountain High Brands, Inc. f/k/a Republic of Texas Brands, Inc. For the reasons that follow, we deny the motion and affirm the trial court's order.

## BACKGROUND

The underlying suit in this appeal stems from Grisaffi's allegedly fraudulent transfer of Rocky Mountain stock to himself and subsequent sale of the stock to a third party for $3.5 million. As a result of discovery sanctions, a default judgment was entered against Grisaffi. The judgment

declared, in part, that the transfer of stock to Grisaffi was "void ab initio" and awarded Rocky Mountain $3.5 million in damages.

Seeking to suspend enforcement of the judgment pending appeal, Grisaffi filed in the trial court a motion to determine the amount of security. He asserted he had a negative net worth as a result of the judgment against him and asked that he be able to supersede the judgment by making a cash deposit of $1,000.[1] In support, he attached an affidavit that contained only the following three paragraphs concerning his net worth:

> 2.      My assets are worth a total of approximately $250,000. I also receive approximately $1,700 per month in Social Security benefits.
>
> 3.      My liabilities are $3,500,000. This is because a default judgment was entered against me in that amount.
>
> 4.      Net worth is determined by calculating the difference between total assets and total liabilities. My net worth is as follows: $250,000 - $3,500,000 = -3,250,000. Therefore, my net worth is <u>negative</u> and is far below zero. In other words, my current liabilities exceed my current assets, giving me a net worth of <u>negative </u>$3,250,000.

Rocky Mountain filed both a motion to strike Grisaffi's motion and a response. Both argued Grisaffi's affidavit should be stricken and his motion denied because Grisaffi had failed to respond to post-judgment discovery requests or produce documents regarding his "true" net worth; the motion was "bare-bones" and "supported by a wholly conclusory affidavit[;]" and Grisaffi was not credible.

The trial court held a non-evidentiary hearing at which Grisaffi, through counsel, presented as his "main argument" in support of his request that the bond be set at a "de minimis amount" that the judgment "essentially allowed for a double recovery because it invalidated the stock and [awarded] the $3.5 million judgment[.]" Rocky Mountain responded that the court did not have jurisdiction to reconsider the judgment, asked the court to take judicial notice of the case file,

---

[1] In a reply to Rocky Mountain's response, Grisaffi asked that the bond be set at $0 or a "de minimis amount."

which demonstrated Grisaffi's lack of credibility and failure to respond to discovery, and argued Grisaffi had not made a prima facie showing of his net worth. Finding Grisaffi "not credible . . . in any shape or form" and that his supporting affidavit lacked "specifics," the court struck Grisaffi's motion and supporting affidavit and set the bond at $3.5 million, plus interest for the estimated duration of the appeal and court costs.

## APPLICABLE LAW

Texas Rule of Appellate Procedure 24.1 allows a judgment debtor to supersede the judgment by posting "a good and sufficient bond." *See* TEX. R. APP. P. 24.1(a)(2). Under appellate rule 24.2(a)(1) and Texas Civil and Practice Remedies Code section 52.006(a), when the judgment is for money, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); TEX. R. APP. P. 24.2(a)(1). The amount, however, must not exceed the lesser of fifty percent of the judgment debtor's current net worth or $25,000,000 and, upon a showing that posting the required security is likely to cause the judgment debtor substantial economic harm, must be lowered to an amount that will not cause harm. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b),(c); TEX. R. APP. P. 24.2(a)(1), (b).

A judgment debtor has the burden of proving net worth and substantial economic harm. *See* TEX. R. APP. P. 24.2(c)(3); *O.C.T.G., LLP v. Laguna Tubular Prod. Corp.*, 525 S.W.3d 822, 831 (Tex. App.—Houston [14th Dist.] 2017, opinion on motion); *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, opinion on motion). An affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained is prima facie evidence of the debtor's net worth for purposes of establishing the amount of the bond, deposit, or security required to suspend enforcement of the judgment. *See* TEX. R. APP. P. 24.2(c)(1); *see also G.M. Houser*, 204 S.W.3d

at 840 (net worth is difference between total assets and total liabilities as determined by generally accepted accounting principles). Where the record reflects, and the trial court finds, that the debtor failed to offer complete and detailed information regarding his assets and liabilities from which net worth can be determined, the trial court may set the bond in accordance with rule 24.2(a) and section 52.006(a) of the civil practice and remedies code. *See Bishop Abbey Homes, Ltd. v. Hale*, No. 05-14-01137-CV, 2015 WL 4456209, *5-6 (Tex. App.—Dallas July 21, 2015, mem. op. on motion). For purposes of determining net worth under rule 24.2 and section 52.006, the contingent money judgment that is sought to be superseded is not included as a liability. *See Anderton v. Cawley*, 326 S.W.3d 725, 726 (Tex. App.—Dallas 2010, opinion on motion).

## STANDARD OF REVIEW

On a party's motion, an appellate court may review the sufficiency or excessiveness of security. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(d); TEX. R. APP. P. 24.4(a). The trial court's determination of the amount of security is reviewed for abuse of discretion, but because the trial court, as fact finder, is the sole judge of the credibility of the witnesses and weight to be given their testimony, a credibility finding will not be disturbed. *See G.M. Houser*, 204 S.W.3d at 840, 841. An appellate court will find an abuse of discretion where the trial court acted arbitrarily and unreasonably or without reference to any guiding rules and principles. *O.C.T.G.*, 525 S.W.3d at 829.

## DISCUSSION

Grisaffi does not challenge the trial court's findings in his motion for review but focuses on the judgment both declaring the issuance of stock to him "void ab initio" and awarding Rocky Mountain $3.5 million in damages. Grisaffi maintains the judgment improperly awards double recovery because once the issuance of stock was invalidated, Rocky Mountain received the equity represented by the stock and was made "whole." Grisaffi asserts the $3.5 million from the sale of

the stock "rightfully" belongs to the third party who purchased the stock and the likelihood the third party will successfully sue him is high.  Grisaffi asserts he will suffer substantial harm if he is required to post the bond set by the trial court and also satisfy a potential $3.5 million judgment in favor of the third party.  Grisaffi asks the Court to order no security or to reduce the amount of security to $100 or "some other small sum that is appropriate."  Rocky Mountain responds, in part, that Grisaffi's argument as to double recovery goes to the merits of the appeal and is not relevant to an analysis under rule 24.

We agree with Rocky Mountain that whether the judgment improperly awards double recovery is a question to be determined on submission not on review of the trial court's order setting the bond.  *McCullough v. Scarborough, Medlin and Assoc., Inc.*, 362 S.W.3d 847, 850 (Tex. App.—Dallas 2012, opinion on motion).  On motion to review an order setting a supersedeas bond, the Court's task is to determine if the bond was set "without regard to any guiding rules or principles."

The bond set by the trial court here is exactly for the amount required for a money judgment under rule 24.2(a) and section 52.006(a)—the sum of compensatory damages, interest for the estimated duration of the appeal, and costs.  *See* Tex. Civ. Prac. & Rem. Code Ann. 52.006(a); Tex. R. App. P. 24.2(a)(1).  Although Grisaffi filed an affidavit asserting his net worth was negative $3,250,000, the affidavit provided no details as to his assets and improperly included as a liability the $3.5 million judgment against him.  *See Anderton*, 326 S.W.3d at 726.  Moreover, the trial court found Grisaffi not credible, a finding that cannot be disturbed.  On the record before us, we cannot conclude the trial court abused its discretion.  Accordingly, we deny Grisaffi's motion to strike or decrease the amount of security and affirm the trial court's order.

/Erin A. Nowell/
_____
ERIN A. NOWELL
JUSTICE