COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RUBEN MONTELONGO, | § | |
| | | No. 08-08-00324-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 6 |
| EXIT STAGE LEFT, INC. AND | § | |
| GEORGE CISNEROS, | | of El Paso County, Texas |
| | § | |
| Appellees. | | (TC#2006-3279) |
| | § | |

## OPINION ON MOTION

### BACKGROUND

In his appeal of the trial court's Order Setting Supersedeas Bond pursuant to Appellate Rule 24.4, Montelongo contends that the trial court abused its discretion in finding that his net worth was $465,452 because both the value of the his homestead and the judgment against him should have been used in calculating his net worth. Cisneros argues that taking the judgment into account would produce absurd results because in some cases the judgment would lead to a negative net worth, thereby relieving the judgment debtor of having to deposit any money to suspend enforcement of the judgment. In Montelongo's original Affidavit of Net Worth he attested his net worth was $52,548.91 ($415,452 in assets - $362,903.09 judgment = $52,548.91).[1] Montelongo then deposited a cashier's check with the District Clerk for $26,271.56, approximately 50 percent of his net worth.

### SUPERCEDEAS BOND

Under Rule 24.1 of the Rules of Appellate Procedure, a judgment debtor may supersede a

---

[1] The actual judgment was $352,903.09, $10,000 less than the amount stated in the Affidavit of Net Worth. This discrepancy is not outcome determinative. For the purpose of our analysis this Court used the actual judgment amount.

judgment by (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the trial court. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a)(1); TEX.CIV.PRAC.& REM.CODE ANN. § 52.006(a)(Vernon 2008). However, the amount must not exceed the lesser of 50 percent of the judgment debtor's current net worth or 25 million dollars. TEX.R.APP.P. 24.2(a)(1); TEX.CIV.PRAC.& REM.CODE ANN. § 52.006(b).

Rule 24.2(c) sets forth the procedure for determining net worth. A judgment debtor who provides a bond, deposit, or security under Rule 24.2(a)(1)(A) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. TEX.R.APP.P. 24.2(c)(1). The affidavit is *prima facie* evidence of the debtor's net worth. *Id*. A judgment creditor may file a contest to the debtor's affidavit of net worth. TEX.R.APP.P. 24.2(c)(2). Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles (GAAP). *Texas Custom Pools, Inc. v. Clayton*,--- S.W.3d ----, 2009 WL 656280, at *2 (Tex.App.–El Paso March, 12, 2009, no pet.)(citing *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex.App.–Dallas 2006, no pet.); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 915 (Tex.App.–Houston [14th Dist.] 2005, no pet.)). At the hearing on the judgment creditor's contest, the judgment debtor has the burden of proving net worth. TEX.R.APP.P. 24.2(c)(3). The trial court is required to issue an order that states the debtor's net worth and states with particularity the factual basis for that

determination. *Id.* The trial court is also authorized to enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment. TEX.R.APP.P. 24.2(d). On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security. TEX.R.APP.P. 24.4(a); TEX.CIV.PRAC.& REM.CODE ANN. § 52.006(d); *Texas Custom Pools, Inc.*, 2009 WL 656280, at *2.

## STANDARD OF REVIEW

We review the trial court's determination of the amount of security for an abuse of discretion. *G.M. Houser*, 204 S.W.3d at 840. If we conclude the trial court abused its discretion, we may order the amount of the security increased or decreased in an amount not to exceed the lesser of 50 percent of the judgment debtor's net worth or $25 million. TEX.R.APP.P. 24.4(a); TEX.CIV.PRAC.& REM.CODE ANN. § 52.006(d); *Texas Custom Pools, Inc.*, 2009 WL 656280, at *3.

In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? *Leibman v. Grand*, 981 S.W.2d 426, 429 (Tex.App.–El Paso 1998, no pet.); *Texas Custom Pools, Inc.*, 2009 WL 656280, at *3. The traditional standards utilized to review sufficiency of the evidence come into play when considering the first question. *Leibman*, 981 S.W.2d at 429-30; *Texas Custom Pools, Inc.*, 2009 WL 656280, at *3. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision, or whether it is arbitrary and unreasonable. *Leibman*, 981 S.W.2d at 430; *Texas Custom Pools, Inc.*, 2009 WL 656280, at *3. The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within her discretionary

authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Leibman*, 981 S.W.2d at 430.

Montelongo had the burden to prove net worth; therefore, he must show the evidence conclusively establishes, as a matter of law, all vital facts in support of their position. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Texas Custom Pools, Inc.*, 2009 WL 656280, at *3. In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690. In conducting our review, we must consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827; *Ramco*, 171 S.W.3d at 910. Finally, we must determine whether the evidence before the trial court would enable reasonable and fair-minded people to find the facts at issue. *Id.* We also bear in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.*

In reviewing the factual sufficiency of the evidence, we consider all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). If a party is attacking the factual sufficiency of an issue upon which it had the burden of proof, it must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 14 (Tex.App.–El Paso 2005, pet. denied). In reviewing a factual sufficiency issue, we

must first examine the record to determine if there is some evidence to support the finding; if so, then we must determine whether the failure to find is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## APPLICATION

In Montelongo's appeal of the trial court's Order Setting Supersedeas Bond he argues that the trial court abused its discretion in not making a proper net worth determination and in setting the bond amount too high. On May 21, 2009, the trial court found Montelongo's net worth to be $465,452 and it set the bond amount at $232,726. Appellant argued at a hearing on the Motion to Contest Judgment that the judgment itself should be considered in calculating net worth. Appellant conceded that there is no decision, by any court in the State of Texas, concerning whether or not the judgment itself should be included as part of a net worth determination. Cisneros argued that the homestead, while exempt from execution, should also be included in a net worth determination. The Appellee argued that the net worth determination is simply used to determine whether the Appellant has enough resources to prosecute an appeal. The trial judge ultimately decided to exclude both the Appellant's homestead and the judgment from his net worth. Initially Appellant argued that only the judgment should have been included in the net worth determination but now argues that both the judgment for $352,903.09 and the value of the homestead should be included.

After a review of the law, the briefs, and the record, Appellant cites no authority, nor can we find any authority, supporting the contention that the judgment and the homestead must be included in calculating net worth in a supercedeas situation. The trial court was presented with logical arguments why the homestead and the judgment should be included in determining net worth. Appellee argues that in some cases the amount of the judgment would be greater than a judgment

debtor's net worth, which would lead to a person having a negative net worth, meaning the debtor would not have to post any bond. The Appellant counters by arguing that if an individual was to apply at a bank for a loan, a large judgment would be included in the evaluation of that person's net worth. On the issue of the homestead, the Appellant initially argued that because the property is exempt it should not be included. As stated before the Appellant now argues that the value of the homestead should be included in net worth calculations. The Appellee argues that the sole purpose of the bond is to determine if the judgment debtor has enough funds to pursue an appeal, and he agrees the homestead should be included, presumably because it could be used as collateral to obtain a bond or loan.

While the arguments above are interesting, at this time the Court passes on the opportunity to answer what specifically must be included in a net-worth determination. The Appellant carried his burden of filing an affidavit of net worth, which is *prima facie* evidence of the net worth. TEX.R.APP.P. 24.2(c)(1). In turn, a judgment creditor may file a contest to the debtor's affidavit of net worth, which occurred in this case. TEX.R.APP.P. 24.2(c)(2). In the absence of controlling law or expert testimony, utilizing the Generally Accepted Account Principles (GAAP), the trial court was left to decide between two policy arguments. The trial court determined that because the judgment is a contingent liability and because the homestead is exempt from execution they would not be included in the net worth calculation. We find that the trial court did not abuse its discretion because the trial court did not act without reference to any guiding rules or principles. *Downer*, 701 S.W.2d at 241-42. Had the Appellant presented case law or expert testimony that a homestead or a judgment must be included under the GAAP the outcome could have been different.

## CONCLUSION

We find that the trial court did nor err and affirm the ruling of the trial court. Appellant's

Motion Pursuant to Appellate Rule 24.4 to Appeal Trial Court's Order Setting Amount of

Supersedeas Bond is denied.

                                                 GUADALUPE RIVERA, Justice

July 8, 2009

Before Chew, C.J., McClure, and Rivera, JJ.