COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOE ROWE, | § | No. 08-09-00001-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court |
| | § | |
| KARA LANE WATKINS, | § | of Jeff Davis County, Texas |
| Appellee. | § | (TC# 293) |
| | § | |

**OPINION ON MOTION**

Pending before the Court is Appellant Joe Rowe's motion for appellate review of the trial court's order requiring a $50,000 supersedes bond on appeal. Mr. Rowe contends this security requirement is excessive and arbitrary in light of the judgment, and asks this Court to order the amount decreased to $2,500 and make temporary orders suspending the judgment until he has a reasonable opportunity to post the proper security.

This case began as a dispute over the ownership of a female basenji-mix dog named "Sara." Mr. Joe Rowe took possession of the dog from Ms. Kara Watkins in June of 2007, when Ms. Watkins moved from her home in Fort Davis, Texas to Alaska. The following May, Ms. Watkins returned to Texas, and went to Mr. Rowe's home. Ms. Watkins attempted to take Sara from Mr. Rowe, the two argued over the dog, and a physical altercation ensued. Both parties were injured.

Mr. Rowe filed suit in the Justice Court of Jeff Davis County, to establish his ownership of Sara. The Justice of the Peace awarded Sara to Mr. Rowe. Sara was released to Mr. Rowe's

custody on June 30, 2008. Ms. Watkins appealed the judgment to the Jeff Davis County Court by filing an original petition on July 23, 2008. The case proceeded to jury trial in December 2008. The jury found in Ms. Watkins' favor but did not award monetary damages. Mr. Rowe expressed an intent to appeal the judgment and objected to its immediate enforcement. The court overruled Mr. Rowe's objections, and ordered that Sara be turned over to Ms. Watkins immediately.

On December 11, 2008, Mr. Rowe motioned the court to determine the type and amount of security to supercede the judgment pending appeal to this Court. No action was taken in the trial court until the following September, when the trial court entered an order requiring Mr. Rowe to post $50,000 "to secure suspension of the judgment." A final written judgment was not entered in the County Court until September 15, 2009. *See Rowe v. Watkins*, No. 08-09-00001-CV, 2009 WL 2623353 (Tex.App.--El Paso August 26, 2009, no pet.)(mem. op., not designated for publication). Mr. Rowe filed his notice of appeal in this Court on December 31, 2008. Mr. Rowe has now asked this Court to review the court's supercedes order, and to order a reduction in the amount of security to $2,500. Ms. Watkins has not responded to the motion, except to notify the Court that her attorney has withdrawn from the case, and she is without representation on appeal.

Texas Rules of Appellate Procedure 24 governs the suspension of judgment in civil cases. *See* TEX.R.APP.P. 24. One of the methods a judgment debtor may use to suspend enforcement of a judgment during the pendency of an appeal is to file a "good and sufficient" bond with the trial court. *See* TEX.R.APP.P. 24.1(a)(2). The amount of a bond is determined by Rule 24.2. When, as is the case here, the judgment is for something other than money or an interest in property, the

Rule requires the trial court to determine the amount and type of security the judgment debtor must post. *See* TEX.R.APP.P. 24.2(a)(3). "The security must adequately protect the judgment creditor against loss or damage that the appeal might cause." *Id*. Rule 24.4 provides for appellate review of the trial court's ruling on security. *See* TEX.R.APP.P. 24.3(a). On motion by either party, the appellate court may review: (1) the sufficiency or excessiveness of the amount of security; (2) the sureties on any bond; (3) the type of security required; (4) the trial court's determination whether to permit suspension of enforcement; and (5) the trial court's exercise of discretion related to its continuing jurisdiction to modify the amount and type of security and the sufficiency of sureties. *See* TEX.R.APP.P. 24.4(a).

We review the trial court's determination of the amount of security under an abuse of discretion standard. *Montelongo v. Exit Stage Left, Inc.*, 293 S.W.3d 294, 297 (Tex.App.--El Paso 2009, mand. pending). If we conclude the trial court has abused its discretion, we may order the amount of the security increased or decreased. *See id*. Such a review includes a two-step inquiry: (1) Did the trial court have sufficient information on which to exercise its discretion; and (2) did the trial court err in the application of its discretion? *Leibman v. Grand*, 981 S.W.2d 426, 429 (Tex.App.--El Paso 1998, no pet.). In step one, we utilize the traditional standards reviewing evidentiary sufficiency. *Tex. Custom Pools, Inc. v. Clayton*, 293 S.W.3d 299, 305-06 (Tex.App.--El Paso 2009, mand. denied). In step two, we must determine whether, based on the record, the trial court's decision was arbitrary and unreasonable. *Id.* at 306 As with any abuse of discretion review, the question is not whether the reviewing court would have come to the same conclusion as the trial court, but whether the court acted without reference to any guiding rules and principles. *Montelongo*, 293 S.W.3d at 297.

In the case before us, we are forced to answer the following question: "Did the trial court abuse its discretion by requiring a $50,000 bond to suspend the judgment establishing Ms. Watkins as the rightful owner of the dog Sara?" The answer to this question depends, in large part, on the determination of Sara's value to the parties. Given that she is simply a pet, who is no doubt priceless to her human companions, the determination of her value in monetary value presents some difficulty. We look first to Rule 24.2(a)(3), which governs the setting of security for judgments regarding items other than money or an interest in property. First, the Rule requires a trial court to "set the amount and type of security that the judgment debtor must post." *See* TEX.R.APP.P. 24.2(a)(3). Second, the Rule requires, whatever the amount and type of security is required to "adequately protect the judgment creditor against loss or damage that the appeal may cause." *See* TEX.R.APP.P. 24.2(a)(3). In this instance, the "damage" of an appeal can be described by considering two extremes; on one end of the spectrum, the party who is denied Sara's companionship for the duration of the appeal has lost just that time spent with a beloved pet. On the other extreme, Sara could become injured or ill, as animals often do, and perish before the final disposition of the case, thereby denying the non-possessor party with her companionship altogether, regardless of the ultimate outcome of the case. Neither of these extremes can be calculated in monetary terms. In deed, if we were discussing Sara's loss to either party in terms of judgment damages, we would be limited to considering her destruction in terms of her "actual worth or value" less "any fanciful or sentimental considerations." *See Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 569 (Tex. 2002). As the record is completely lacking in evidence that Sara had any value separate from her sentimental worth, we are left with a "value" of zero in terms of a basis for setting a monetary security.

Albeit nearly a century ago, this Court has addressed the difficulty of such situations before. In *Muela v. Moye*, the Court commented with approval on the County Court's decision to place "Richard, the brindle bulldog," in the care of a neutral receiver for his protection and care during the pendency of the dispute over his ownership. 185 S.W. 331, 332-33 (Tex.Civ.App.-- El Paso 1916, no writ). Sadly, although the record indicates the Justice of the Peace was inclined to place Sara in a neutral location where she was taken care of, and where the parties were given mutually-exclusive visitation rights during her stay, the County Court did not follow suit. Instead, the Court determined the proper type of security in this case was monetary, and has already placed Sara in Ms. Watkins' custody. Had the County Court done so, either of its own volition as in *Muela v. Moye*, or on motion by Mr. Rowe, the appeal could have proceeded without the need for review of the bond amount. The parties could have been assured of Sara's heath and care and been provided with visitation rights as before.

Returning to the facts before us, without evidence of Sara's value beyond her sentimental worth to both parties, we are left to consider only the costs and expenses associated with the appeal itself as a basis for the amount of security required. *See* TEX.R.APP.P. 24.2(a)(3). In light of our two-step inquiry, we note that there is no evidence in the record to support the costs of appeal will approach $50,000. Indeed, the only evidence in the record regarding the costs and expense of the appeal are: $210 for the clerk's record filed by the Jeff Davis County Clerk; an additional $7.50 for a supplemental clerk's record containing the trial court's supercedes order; and $3,822.70 for the preparation and certification of a six-volume reporter's record. We also take judicial notice that the cost of filing a notice of appeal in this Court is $175 and that all motions are filed at a cost of $10 each. *See* TEX.GOV'T CODE ANN. §§ 51.005, 51.0051 (Vernon

2005 and Vernon Supp. 2009). The sum total of the costs of appeal thus far are equal only ten percent (approximately) of the trial court's required security. As such, we conclude there was insufficient evidence upon which the trial court could have determined $50,000 was an appropriate amount, and the trial court abused its discretion by so ordering. *See Clayton*, 293 S.W.3d at 305-06.

Our final inquiry is what amount of security to order. *See Montelongo*, 293 S.W.3d at 297. Given our calculations above, we are of the opinion that $5,000 is an appropriate amount of security and will more appropriately reflect the measurable costs associated with the case. Accordingly, we GRANT Mr. Rowe's motion for revision of the trial court's supercedes ruling, and ORDER Joe Rowe to post the sum of $5,000 with the County Clerk of Jeff Davis County, Texas, to the secure suspension of the judgment in this cause pursuant to Texas Rule of Appellate Procedure 24.

In addition, it is further ORDERED that Appellee's brief is due to be filed no later than thirty (30) days from the issuance of this opinion.


February 10, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.