

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00046-CV

**IN THE ESTATE OF** Maria F. **HERNANDEZ**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2013-PC-1030
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  April 30, 2014

MOTION GRANTED; REVERSED AND REMANDED

The underlying appeal in this case is from the probate court's judgment admitting the will of Maria F. Hernandez to probate and appointing appellees Adolfo Hernandez and Mary Frances Flores independent co-executors of the estate.  Appellants Abel Hernandez and Josefa Zatarain Flournoy appealed from this judgment.  The probate court ordered Abel and Josefa to post a supersedeas bond in the amount of $55,000.00 to stay further action pending resolution of the appeal.  Thereafter, Abel and Josefa filed in this court a "Motion for Review of Excessive Supersedeas Bond," asking that we find the probate court abused its discretion in setting the bond at $55,000.00.  We grant the motion and reverse and remand the matter to the probate court.

**BACKGROUND**

The underlying dispute concerns Abel's and Josefa's attempt to prevent their siblings, Adolfo and Mary Frances, from admitting their mother's self-proving will to probate. Abel and Josefa challenged the admission of the will on numerous grounds. However, the probate court ultimately admitted Maria F. Hernandez's will to probate and appointed Adolfo and Mary Frances as independent co-executors of the estate. Abel and Josefa appealed, and Abel and Mary Frances filed a motion asking the probate court to set a bond superseding the judgment under Texas Rules of Civil Procedure 24.2(a)(3).

At the hearing on the motion, Adolfo and Mary Frances suggested the supersedeas bond should be set at $61,200.00, the appraised value of Maria F. Hernandez's home, which was part of her estate. Abel and Josefa contended the bond should be set much lower, at an amount sufficient to cover reasonable expenditures to maintain the home, e.g., insurance and utilities, pending the resolution of the underlying appeal. After considering the parties' arguments, the probate court set the bond at $55,000.00. Thereafter, Abel and Josefa sought review of the bond in this court.

**ANALYSIS**

Josefa and Abel raise multiple issues in their motion, essentially contending the probate court abused its discretion by setting the supersedeas bond at $55,000. Specifically, they contend: (1) the probate court misapplied Texas Rule of Civil Procedure 24.2(a)(3); (2) the evidence is legally and factually insufficient to support the amount of the supersedeas bond, and (3) the probate court erred by setting a bond that defeats Josefa and Abel's right to supersede the judgment admitting their mother's will to probate.

Texas Rule of Appellate Procedure 24.2(a)(3) allows a court to set a supersedeas bond pending appeal "[w]hen the judgment is for something other than money or an interest in property." TEX. R. APP. P. 24.2(a)(3). The amount of the bond must provide adequate security to "protect the

judgment creditor against loss or damage that the appeal might cause." *Id*. Essentially, Rule 24 functions to preserve the status quo of the matters in litigation as they existed prior to the issuance of the order or judgment from which an appeal is taken. *Alpert v. Riley*, 274 S.W.3d 277, 297 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Smith v. Texas Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied) (citing *In re Tarrant County*, 16 S.W.3d 914, 918 (Tex. App.—Fort Worth 2000, no pet.)).

A trial court's determination of the amount of security for the supersedeas bond is reviewed for an abuse of discretion. *Rowe v. Watkins*, 324 S.W.3d 111, 113 (Tex. App.—El Paso 2010, no pet.). Under an abuse of discretion review, the question is not whether we would have come to the same conclusion as the trial court, but whether the court acted without reference to any guiding rules or principles, or acted arbitrarily or unreasonably. *See id.*; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Here, the probate court was tasked with adhering to Rule 24.2(a)(3)'s mandate to set bond in an amount that "adequately protect[s] the judgment creditor against loss or damages that the appeal might cause." TEX. R. APP. P. 24.2(a)(3). The probate court determined a bond of $55,000.00 properly complied with Rule 24.2(a)(3). However, Josefa and Abel contend the probate court misapplied the rule by setting a bond far above the cost of reasonable expenditures to maintain the home at issue in the contested estate. We agree.

As noted above, the purpose of a supersedeas bond under Rule 24 is to preserve the status quo of the matters in litigation pending appeal. *See Smith*, 82 S.W.3d at 585. The home in the estate at issue was appraised by the Bexar County Appraisal District as having a value of $61,200.00, which is the level of bond security requested by Adolfo and Mary Frances. Rather than setting the bond at the level of reasonable expenses to maintain the property pending its ultimate sale, as requested by Josefa and Abel, the probate court advised:

I'm going to set it at $55,000.00, which is [Mary Frances Flores'] ten percent subtracted, cause eventually she would get one of the ten kids [sic]. And then, so sixty-one comes to fifty-five. Anyway, so that's what I'm going to set it at. Okay. So it's done. Okay.

We hold the trial court's decision to set the bond at $55,000.00 in this instance was arbitrary and unreasonable. The amount set by the probate court is nearly the entire value of the house, not simply an amount sufficient to maintain the home, i.e., the status quo. Accordingly, we hold the decision to set the bond at $55,000.00 was an abuse of discretion. *See Rowe*, 324 S.W.3d at 113. The bond amount of $55,000.00 bears no relationship to the actual cost of maintaining the home. Accordingly, we sustain Josefa's and Abel's first contention that the probate court abused its discretion by misapplying Rule 24.2(a)(3). *See* TEX. R. APP. P. 24.2(a)(3).

Because we have disposed of the motion based on Josefa's and Abel's first argument, we need not discuss their other arguments.

## CONCLUSION

Based on the foregoing, we grant Josefa's and Abel's "Motion for Review of Excessive Supersedeas Bond." We hold the trial court arbitrarily and unreasonably set the bond amount. Accordingly, we reverse the probate court's supersedeas bond order and remand this matter to the probate court. We instruct the probate court to set a bond amount based on the reasonable expenses necessary to preserve home, i.e., the status quo, pending the duration of the appeal. *See Smith*, 82 S.W.3d at 585.

Marialyn Barnard, Justice