

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00126-CV

MATTHEW EUGENE DEVINE, APPELLANT

V.

VICKI DIANNE DEVINE, APPELLEE

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-552104-14, Honorable Jerome S. Hennigan, Presiding

September 2, 2015

## ORDER

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Matthew Eugene Devine, filed a "Motion for Review of Order Setting Amount and Type of Security for Supersedeas Pursuant to Texas Rule of Appellate Procedure 24.4," which challenges the trial court's order setting $225,500.00 as the amount of supersedeas that Matt must post to avoid enforcement of the judgment during the pendency of the appeal. Appellee, Vicki Dianne Devine, has not filed a response to this motion. We will reverse the trial court's order and remand to the trial

court to determine the appropriate type and amount of security to supersede the judgment pending appeal. *See* TEX. R. APP. P. 24.4(d). [1]

## Factual and Procedural Background

The appeal that is pending before this Court relates to construction of the terms of sale for a community property lake house (the property) contained within the parties' agreed decree of divorce. According to the divorce decree, the property was to be listed for sale for a six-month period and, if the property was not sold within that period, it was to be listed for another six-month period during which the parties were required to accept the highest offer made by a qualified buyer. These periods commenced as of the "date of listing." However, this phrase was not defined in the decree and disagreement between the parties relating to what this phrase means led to the present litigation.

According to Matt, the date of listing is February 20, 2013, the date that the realtor signed the listing agreement to sell the property. Vicki contends that the parties agreed that the date of listing was November 29, 2012, as provided in the listing agreement that was signed by both parties. Matt made a written offer to buy the property on February 19, 2014. Thus, whether, under the terms of sale contained within the divorce decree, the parties had to accept Matt's offer turns on the construction of the phrase "date of listing" and whether the offer was made during the second six-month period.

---

[1] Further citation to Texas Rules of Appellate Procedure will be by reference to "Rule __."

After Vicki refused to accept Matt's February 19, 2014 offer, Matt filed the present enforcement action. Vicki filed a counter-petition seeking enforcement and/or clarification of the divorce decree's terms of sale, post-divorce division of property, and appointment of a receiver to continue efforts to sell the property to a third party. The trial court heard evidence and argument on November 19 and 20, 2014. On January 26, 2015, the trial court signed two orders: (1) "Order Denying Matthew Devine's First Amended Petition for Enforcement of Final Divorce Decree and Order Granting in Part Vicki Devine's First Amended Counter-Petition for Enforcement and/or Clarification of Property Division, Petition for Post-Divorce Division of Property, and Request for Appointment of Receiver," and (2) "Order Appointing Receiver and Granting Specific Authority." On March 12, 2015, Matt filed notice of appeal and a motion to set amount and type of security for supersedeas pursuant to Texas Rule of Appellate Procedure 24.2. On April 7, the trial court entered an order denying Matt's motion.

Under the authority of Texas Rule of Appellate Procedure 24.4, Matt filed a motion for review of the trial court's denial of Matt's motion seeking a supersedeas bond. By order dated May 20, this Court reversed the trial court's denial of Matt's motion requesting the trial court to set the type and amount of security for a supersedeas bond and remanded the issue to the trial court for further proceedings. *See Devine v. Devine*, No. 07-15-00126-CV, 2015 Tex. App. LEXIS 5173, at *9-10 (Tex. App.—Amarillo May 20, 2015, order).

Between this Court's reversal of the trial court's ruling and the hearing mandated by this Court, a $1 million contract for purchase of the property was received by the receiver that had been appointed by the trial court. The receiver filed a motion for

3

confirmation of the contract that sought the trial court's approval of the $1 million contract. To give Matt a meaningful opportunity to supersede the trial court's judgment, the trial court continued the receiver's motion until after the hearing to set the supersedeas bond was held.

The trial court held the hearing to set supersedeas bond on July 28, 2015. Matt contended that the $1 million contract is not relevant to setting the supersedeas bond because the purpose of a supersedeas bond is to preserve the status quo of the matters as they existed before the trial court's judgment was issued. As such, Matt presented evidence that Vicki's half of the necessary costs to maintain and insure the property through the remainder of 2015 would be $18,300. Vicki's contention was based entirely on protecting her projected profits from the sale of the property for $1 million. According to her evidence, Matt would need to post a $225,500 bond to protect those profits.[2] On July 31, the trial court issued an order setting the supersedeas bond at $225,500. On August 4, to ensure that the receiver's contract would not be confirmed during the pendency of this appeal, Matt deposited $225,500 into the registry of the court.

The day after posting the supersedeas bond, Matt filed the instant motion to review the order setting supersedeas. By this motion, Matt contends that the trial court abused its discretion by setting the supersedeas bond at $225,500 because that amount is excessive, does not protect Vicki against "loss or damage the appeal might cause[,]" and is not supported by legally sufficient evidence. Rule 24.2(a)(3).

_____

[2] As an alternative to his contention that Vicki's interest in the property is fully protected by his provision of funds sufficient to insure and maintain the property, Matt contended that, if the $1 million contract is considered, Vicki's projected profits would actually be $125,334.43.

## Standard of Review

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Rule 24.4 authorizes an appellate court to engage in a limited supersedeas review. *See* Rule 24.4. On any party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *See* Rule 24.4(a). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. *See* Rule 24.4(d). We may also require other changes in the trial court order and remand for entry of findings of fact or for the taking of evidence. *See id.*

We review trial court rulings pursuant to Rule 24.4 under an abuse of discretion standard. *See EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Ramco Oil & Gas Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order); *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.—San Antonio 1995, writ dism'd). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997), and *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)).

The Law Regarding Suspension of Enforcement

Unless the law or the rules of appellate procedure provide otherwise, a judgment may be superseded and enforcement of the judgment suspended pending appeal. Rule 24.1(a). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

Rule 24.1 sets out the requirements for suspending enforcement of a judgment pending appeal in civil cases. A supersedeas bond must be in the amount required by Rule 24.2 of the Texas Rules of Appellate Procedure. *See* Rule 24.1(b)(1)(A). Under Rule 24.2, the amount of the bond depends on the type of judgment. Rule 24.2(a). When the judgment is for the recovery of money, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. Rule 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b) (West 2015). When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post; however, the amount of the security must be at least the value of the real property's rent or revenue or the value of the personal property interest on the date of judgment. *See* Rule 24.2(a)(2). When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. Rule 24.2(a)(3). However, in such cases, the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered in an amount and type

6

that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if the appellate court reverses.  *Id.*; *see Klein Indep. Sch. Dist. v. Fourteenth Court of Appeals*, 720 S.W.2d 87, 88 (Tex. 1986) (orig. proceeding).

Analysis

The parties in this case do not dispute that the judgment is for something other than an interest in real property.[3]  As such, the trial court must set the amount and type of security that the judgment debtor must post, and the security "must adequately protect the judgment creditor against loss or damage that the appeal might cause." Rule 24.2(a)(3); *Rowe v. Watkins*, 324 S.W.3d 111, 112 (Tex. App.—El Paso 2010) (op. on motion).  However, we must remain mindful that the purpose of supersedeas is to preserve the status quo of the matters in litigation *as they existed before the issuance of the judgment* from which an appeal is taken.  *Smith*, 82 S.W.3d at 585.

In the present case, each party owns a one-half undivided interest in the property.  At the hearing, Matt contended that Vicki would be fully protected from "loss or damage that the appeal might cause" by his posting of a supersedeas bond in an amount equal to the deductible on the property insurance,[4] and the costs associated with maintaining the property.  Using these expenses, Matt proposed a supersedeas bond of $18,300.  Matt also proposed that the trial court should enjoin either party from cancelling the insurance policy on the property while the appeal remains pending.  In

---

[3] We agree with this assessment because the judgment awards the parties an interest in as-yet-unrealized proceeds from the sale of the property.  Thus, the award is not a direct recovery of an interest in real property.

[4] Premiums on the property insurance have already been paid and the property is insured through March 17, 2016.

response, Vicki proposed a supersedeas bond that was premised on her assessment of her potential profits from the $1 million sale of the property. According to her calculations, Vicki proposed a supersedeas bond of $225,500. Thus, at base, the proposals of the parties differ regarding whether the amount of the supersedeas bond should be affected by the receipt of the $1 million offer to purchase the property.

Because the purpose of supersedeas is to preserve the status quo of the matters in litigation *as they existed before the issuance of the judgment* from which an appeal is taken, *see Smith*, 82 S.W.3d at 585, it was an abuse of discretion for the trial court to base the amount of the supersedeas bond on a contract for the sale of the property that did not exist until months after the trial court's final judgment. In setting the type and amount of supersedeas, the trial court was tasked with adhering to Rule 24.2(a)(3)'s mandate to set bond in an amount that "adequately protect[s] the judgment creditor against loss or damage that the appeal might cause." Rule 24.2(a)(3). Instead, the trial court set supersedeas in an amount that protects Vicki against the loss of her profits resulting from the sale of the property, but this amount bears no rational relationship to the actual cost of protecting against loss and maintaining the property as it existed at the time the trial court issued its judgment. *See In re Estate of Hernandez*, No. 04-14-00046-CV, 2014 Tex. App. LEXIS 4609, at *5-6 (Tex. App.—San Antonio Apr. 30, 2014, no pet.) (mem. op.) (holding that supersedeas set at ninety percent of the entire value of the property "bears no relationship to the actual cost of maintaining the home."). As such, we conclude that the trial court abused its discretion in setting an excessive supersedeas amount and reverse the trial court's order setting type and amount of security for supersedeas.

While this Court has authority to decrease the amount of the supersedeas bond, we do not have sufficient evidence before us to allow us to set supersedeas in an amount that will adequately protect Vicki against loss or damage that the appeal might cause. *See* Rule 24.4(d). Matt provided evidence of maintenance and upkeep expenses for the period from the date of trial through the end of 2015. We do not believe that this is a sufficient period of time to allow for appellate review. Further, certain expenses necessary to protect Vicki's interest in the property, such as property taxes, are expressly excluded from the evidence offered by Matt. In such a situation, we must remand to the trial court to take evidence to determine the appropriate type and amount of security necessary to preserve the status quo as it existed at the time that judgment was issued during the pendency of an appeal and to enter an appropriate order setting the type and amount of security that must be posted by Matt to supersede the judgment. *See* Rule 24.4(d); *Kanan v. Plantation Homeowner's Ass'n, Inc.*, No. 13-11-00282-CV, 2012 Tex. App. LEXIS 1458, at *15-16 (Tex. App.—Corpus Christi Feb. 21, 2012) (mem. op. on order).

## Conclusion

We reverse the trial court's order setting type and amount of security for supersedeas. Because the evidence contained within the record does not allow this Court to determine the appropriate type and amount of security to supersede enforcement of the underlying judgment, we remand to the trial court for proceedings to take evidence to determine the type and amount of security and to enter an appropriate order pertaining to the security that must be posted by Matt. We note that the trial court

has continuing jurisdiction to handle these matters during the pendency of this appeal. *See* Rule 24.3(a).

Per Curiam