

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| ISRAEL MENDOZA, III, | § | No. 08-23-00035-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number 3 |
| LA MESA APARTMENTS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019-CCV01919) |

## OPINION ON MOTION

This case arises out of a landlord-tenant dispute resulting in a forcible detainer judgment against Appellant, Israel Mendoza, III, in favor of La Mesa Apartments. Mendoza has filed a "Motion to Review Trial Court's Order on Motion to Review Supersedeas Bond" in this Court. In addition to the motion to review, Mendoza has filed a motion for emergency orders and a motion for temporary relief. We deny the motions for the following reasons.

### I. Background

We limit our recitation of the fact to those pertinent to the motion at hand. In 2019, La Mesa Apartments petitioned in the Justice Court of El Paso County to evict Mendoza from one of its apartment units. The Justice Court entered judgment for La Mesa Apartments, and Mendoza then appealed to the El Paso County Courts. The County Court granted summary judgment in

favor of La Mesa Apartments, ordering that La Mesa Apartments is entitled to possession of the property at issue, issued a writ of possession, and set a supersedeas bond at $5,250.00. Mendoza timely field a notice of appeal and supersedeas bond.

On June 7, 2023, Appellant filed his "Motion to Review Trial Court's Order on Motion to Review Supersedeas Bond" pursuant to Texas Rule of Appellate Procedure 24.4(a). In the motion, Mendoza states that La Mesa Apartments filed a motion in the trial court to review the supersedeas bond. Mendoza further states that the trial court granted La Mesa Apartment's motion on June 2, 2023 after a Zoom Hearing.[1] Mendoza contends that the trial court erred in granting Appellee's motion because the order is supported by insufficient evidence. Included in Mendoza's motion is an appendix containing: (1) a copy of the trial court's order granting Appellee's motion to review the supersedeas bond, (2) Mendoza's response to Appellee's motion, (3) the affidavit of Alejandro Hernandez, and (4) the affidavit of Edith Schneider-Hernandez. Hernandez and Schneider-Hernandez are the original sureties on Mendoza's supersedeas bond. In their affidavits, they aver to their net worth and assets available to cover the $5,250.00 bond.

## II.    Applicable Law and Standard of Review

A judgment debtor who has filed a notice of appeal may suspend enforcement of the judgment pending appeal by, among other things, filing with the trial court clerk a "good and sufficient bond" in an amount required by Rule 24.2. *See EIS Dev. II, LLC v. Buena Vista Area Ass'n*, No. 08-22-00006-CV, —S.W.3d —, 2022 WL 575178, at *3 (Tex. App.—El Paso Feb. 25, 2022, no pet.) (op. on order) (citing TEX. R. APP. P. 24.1(a)(2); *Texas Custom Pools, Inc. v. Clayton*, 293 S.W.3d 299, 305–06 (Tex. App.—El Paso 2009, no pet.) (op. on motion)). Under Rule 24.2, the proper amount of supersedeas bond depends on the type of judgment at issue. TEX.

---

[1] The attached order states that the trial court considered Appellee's motion on April 27 and May 12.

R. APP. P. 24.2(a)(1)–(3). As relevant here, if the judgment is for the recovery of an interest in real or personal property, the amount set by the trial court must be at least: "the value of the property interest's rent or revenue, if the property interest is real[.]" TEX. R. APP. P. 24.2(a)(2)(A).

In general, a trial judge is given broad discretion in determining the amount and type of security required. *See Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.); *see also EIS Dev. II, LLC*, 2022 WL 575178, at *3 (recognizing the discretionary nature of a trial court's determination of bond amount). In addition, even after the trial court's plenary power has expired, the trial court has continuing jurisdiction to: "(1) order the amount and type of security and decide the sufficiency of sureties; and (2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution." TEX. R. APP. P. 24.3(a). On a party's motion, an appellate court may review the sufficiency or the excessiveness of a trial court's order setting or modifying a supersedeas bond. *See* TEX. R. APP. P. 24.4(a). We apply an abuse of discretion standard. *See EIS Dev. II, LLC*, 2022 WL 575178, at *3 (citing *Rowe v. Watkins*, 324 S.W.3d 111, 113 (Tex. App.—El Paso 2010, no pet.). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision without reference to guiding rules or principles. *See Hernandez*, 527 S.W.3d at 309. A trial court, however, has no discretion in determining what the law is or in applying the law to the facts, thus, a trial court's failure to correctly analyze or apply the law is considered an abuse of discretion. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 624 (Tex. 2005).

Whether the trial court abused its discretion requires a two-step inquiry. First, we consider whether the trial court had sufficient information on which to exercise its discretion, and second, whether the trial court erred in the application of its discretion. *EIS Dev. II, LLC*, 2022 WL 575178, at *3 (quoting *Rowe*, 324 S.W.3d at 113). We determine whether the trial court abused its

3

discretion using traditional standards used to review the sufficiency of the evidence. *Montelongo v. Exit Stage Left, Inc.*, 293 S.W.3d 294, 297 (Tex. App.—El Paso 2009, no pet.) (op. on motion). We next determine whether, based on the evidence in the record, the trial court's decision was reasonable, or whether it was arbitrary and unreasonable without reference to guiding rules and principles. *Id.*

The record consists of "the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. The Texas Rules of Appellate Procedure provide that the clerk's record in a civil case must include "all pleadings" on which the trial was held. TEX. R. APP. P. 34.5(a)(1). Without a complete record of the proceedings below, including pleadings and relevant hearing transcripts, an appellate court cannot properly address the merits of an evidentiary claim. *See e.g.*, *Hebisen v. Clear Creek Independent School Dist.*, 217 S.W.3d 527, 537 (Tex. App.— Houston [14th Dist.] 2006, no pet.). "Although an appellant my properly challenge the legal sufficiency of evidence supporting the trial court's judgment against him, he cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal." *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991)).

### III.    Analysis

We have reviewed the record before us and conclude that it is insufficient to determine whether the trial court abused its discretion in granting the motion to review the supersedeas bond. First, there is no motion in the appellate record or appended to Mendoza's motion.[2] Mendoza's motion contains a summary of evidence presented at a hearing on the motion, yet we do not have

---

[2] Even if the motion were appended, attachments to motions and briefs are not part of the official appellate record and we are not bound to consider them. *See* TEX. R. APP. P. 34.1 (listing the contents of an appellate record).

a copy of the reporter's record or even a docket entry indicating that a hearing took place. A trial court's decision regarding a supersedeas bond is evidentiary in nature and reviewed for an abuse of discretion. On this record, we cannot conclude that the trial court erred.

## <u>CONCLUSION</u>

We affirm the ruling of the trial court. Appellant's motion pursuant to Rule 24.4 to appeal the trial court's order on Appellee's motion to review the supersedeas bond is denied. All other pending motions are denied as moot.

YVONNE T. RODRIGUEZ, Chief Justice

June 20, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.