COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BUSINESS STAFFING, INC., | § | |
| TRANSGLOBAL INDEMNITY, LTD., | | |
| INC., HARRY SEWILL, RICHARD | § | |
| GABLE CHAPMAN, BART BOGUS, | | |
| BSI INSURANCE SERVICES, INC., | § | No. 08-11-00092-CV |
| TRANSGLOBAL MORTGAGE, INC., | | |
| and LHR ENTERPRISES, INC., | § | Appeal from the |
| | | |
| Appellants, | § | 109th Judicial District Court |
| | | |
| v. | § | Of Andrews County, Texas |
| | | |
| JACKSON HOT OIL SERVICE d/b/a | § | (TC# 17,301) |
| JACKSON BROTHERS HOT OIL | | |
| SERVICE and CODY JACKSON, | § | |
| | | |
| Appellees. | § | |

## OPINION   ON   MOTION

Pending before the Court is a motion filed by Transglobal Indemnity, Ltd. (TGI), Harry Sewill ("Sewill"), Richard Gable Chapman ("Chapman"), Transglobal Mortgage, Inc. ("TGM"), and LHR Enterprises ("LHR") to set aside or modify the trial court's order increasing the supersedeas bond to $2,176,051.[1]  *See* TEX.R.APP.P. 24.4.  We deny Appellants' motion and affirm the trial court's order.

## BACKGROUND

Jackson Hot Oil Service d/b/a Jackson Brothers Hot Oil Service and Cody Jackson (the "Jacksons" or "Appellees") filed suit against Appellants for:   (1) common law fraud; (2) fraudulent concealment; (3) negligent misrepresentation; (4) breach of fiduciary duty; (5) breach

---

[1] Business Staffing, Inc. ("BSI"), Bart Bogus ("Bogus"), and BSI Insurance Services, Inc. ("BSIIS") are also Appellants in the underlying case, but are not parties to this motion.

of the duty of good faith and fair dealing; (6) civil conspiracy; (7) conspiracy to unlawfully engage in the business of insurance; (8) negligence; (9) violations of the Texas Insurance Code; and (10) violations of the Deceptive Trade Practices Act.

At the conclusion of the trial, the jury awarded damages to Cody Jackson in the amount of $1,534,902. On December 22, 2010, the trial court signed a judgment which awarded Cody Jackson $1,534,902 jointly and severally against Sewill, Chapman, TGM, and LHR and provided that out of and as part of the $1,534,902 TGI was liable to Cody Jackson for $767,451.[2]

Claiming a negative net worth, Appellants each posted $150 cash in lieu of a bond to supersede enforcement of the judgment. Appellees then filed a Contest of Defendants' Deposit in Lieu of Bond and the trial court conducted a hearing on same on December 13, 2011. Appellees contended that under Texas Rule of Appellate Procedure 24.2, the trial court should strike the affidavits filed by Defendants as insufficient under the Rule, and increase the amount of the supersedeas bond to conform with the rule.

Sewill's affidavit listed total assets of $202,050 and total liabilities of $1,689,500 for a negative net worth of $1,487,450. Chapman's affidavit listed total assets of $132,699 and total liabilities of $1,594,500 for a negative net worth of $1,461,801. BSI claimed a negative net worth of $12,941,517.93. LHR claimed a negative net worth of $1,030,230.28. TGM claimed a negative net worth of $528,189.71. TGI claimed a negative net worth of $830,261.15.

At the conclusion of the hearing, the trial court granted the relief requested by striking each of the Defendants' Certificates of Cash in Lieu of Bond as insufficient, and set the supersedeas bonds as follows: Transglobal Indemnity, Ltd. -- $471,619; Harry Sewill-- $461,660; Richard

---

[2] The judgment also awarded other additional damages in favor of Cody Jackson against Sewill, Chapman, and TGI as well as pre- and post-judgment interest and costs.

Gable Chapman -- $474,984; Transglobal Mortgage, Inc. -- $509.405; and LHR Enterprises -- $258,383.[3]  The trial court determined that the evidence presented at the hearing established that the defendants each included the judgment in the instant case as a liability in order to show a negative net worth, which, absent the judgment, would be positive.[4]

In their motion, Appellants claim that the trial court erred by not including the amount of the judgment in the instant case in its calculation of the net worth of each Appellant and that the increase in the amount of their respective bonds would cause them to suffer substantial economic hardship.

## DISCUSSION

Under Rule 24.1 of the Rules of Appellate Procedure, a judgment debtor may supersede a judgment by:   (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the trial court.   When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a)(1).   However, the amount must not exceed the lesser of 50 percent of the judgment debtor's current net worth or 25 million dollars.   TEX.R.APP.P. 24.2(a)(1).

Rule 24.2(c) sets forth the procedure for determining net worth.   A judgment debtor who

---

[3] The trial court determined that these amounts represented fifty percent of the net worth of each defendant as found by the court relative to their respective judgment liability for compensatory damages.   The trial court also found that the judgment in the instant case should not be included in the net worth calculations for purposes of posting a supersedeas bond.

[4] The trial court also found that in their affidavits and balance sheets, Sewill and Chapman did not report all of their assets, specifically the fact that each owned a one-third stock equity interest in LHR Enterprises and its assets.

provides a bond, deposit, or security under Rule 24.2(a)(1)(A) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's asset and liabilities from which net worth can be ascertained. TEX.R.APP.P. 24.2(c)(1). The affidavit is *prima facie* evidence of the debtor's net worth. *Id.* A judgment creditor may file a contest to the debtor's affidavit of net worth. TEX.R.APP.P. 24.2(c)(2). Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles. *Texas Custom Pools, Inc. v. Clayton*, 293 S.W.3d 299, 305 (Tex.App.--El Paso 2009, no pet.); *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex.App.--Dallas 2006, no pet.). At the hearing on the judgment creditor's contest, the judgment debtor has the burden of proving net worth. TEX.R.APP.P. 24.2(c)(3). The trial court is required to issue an order that states the debtor's net worth and states with particularity the factual basis for that determination. *Id*. The trial court is also authorized to enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment. TEX.R.APP.P. 24.2(d). On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security. TEX.R.APP.P. 24.4(a); *Texas Custom Pools, Inc*., 293 S.W.3d at 305; *G.M. Houser, Inc*., 204 S.W.3d at 840.

We review the trial court's determination of the amount of security for an abuse of discretion. *Texas Custom Pools, Inc*., 293 S.W.3d at 305; *G.M. Houser, Inc*., 204 S.W.3d at 840. If we conclude the trial court abused its discretion, we may order the amount of the security increased or decreased in an amount not to exceed the lesser of 50 percent of the judgment debtor's net worth or $25 million. TEX.R.APP.P. 24.4(a).

In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court

4

have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *Leibman v. Grand*, 981 S.W.2d 426, 429 (Tex.App.--El Paso 1998, no pet.). The traditional standards utilized to review sufficiency of the evidence come into play when considering the first question. *Id*. at 429-30. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision, or whether it is arbitrary and unreasonable. *Id*. at 430. The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Leibman*, 981 S.W.2d at 430.

Appellants had the burden to prove their net worth and therefore, must show the evidence conclusively establishes, as a matter of law, all vital facts in support of their position. *Sterner v. Marathon Oil Co*., 767 S.W.2d 686, 690 (Tex. 1989); *Texas Custom Pools, Inc*., 293 S.W.3d at 306; *G.M. Houser, Inc*., 204 S.W.3d at 840-41. In reviewing a "matter of law" challenge, we must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690. If there is no evidence to support the finding, we must then examine the entire record to determine if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690. In conducting our review, we must consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *G.M. Houser, Inc.*, 204 S.W.3d at 841, *citing City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable fact finder could

5

and disregard contrary evidence unless a reasonable fact finder could not. *Id.*, *citing City of Keller*, 168 S.W.3d at 827; *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 910 (Tex.App.--Houston [14th Dist.] 2005, no pet.). Finally, we must determine whether the evidence before the trial court would enable reasonable and fair-minded people to find the facts at issue. *Id.* We also bear in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.*

In reviewing the factual sufficiency of the evidence, we consider all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Texas Custom Pools, Inc.*, 293 S.W.3d at 306. If a party is attacking the factual sufficiency of an issue upon which it had the burden of proof, it must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 14 (Tex.App.--El Paso 2005, pet. denied). In reviewing a factual sufficiency issue, we must first examine the record to determine if there is some evidence to support the finding; if so, then we must determine whether the failure to find is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Texas Custom Pools, Inc.*, 293 S.W.3d at 306.

After a review of the law, the briefs, and the record, and similar to the circumstances presented in *Montelongo v. Exit Stage Left, Inc.*, 293 S.W.3d 294 (Tex.App.--El Paso 2009, no pet.), we note that Appellants cite no authority supporting their contention that the judgment must be included in calculating current net worth for purposes of a supersedeas bond. Indeed, "the plain language of the statute does not include a contingent money judgment in calculating net

6

worth." *McCullough v. Scarbrough, Medlin & Associates, Inc.*, --- S.W.3d ---, 2012 WL 826177 *1 (Tex.App.--Dallas 2010, no pet.); *Anderton v. Cawley*, 326 S.W.3d 725, 726 (Tex.App.--Dallas 2010, no pet.); TEX.R.APP.P. 24.2 (a)(1)(A).

Here, Appellants carried their burden of filing an affidavit of net worth, which is *prima facie* evidence of the net worth. TEX.R.APP.P. 24.2(c)(1). Appellees filed a contest to the debtor's affidavit of net worth. TEX.R.APP.P. 24.2(c)(2). Appellants presented the testimony of Alan Sanderson, a licensed certified public accountant in the state of Texas.[5] Mr. Sanderson testified that while he did not conduct a formal review or perform an audit of Appellants affidavits and balance sheets, he did *look* at the numbers provided to him and concluded that judgment should be included on the balance sheets for each Appellant if the judgment was entered prior to the date of the balance sheet.[6] He also testified that he was unaware that the judgment against Appellants was based, at least in part, on fraud. Finally, Mr. Sanderson testified that he had no opinion as to the accuracy of the limited information contained in Appellants' affidavits and balance sheets inasmuch as he was unaware of and had not seen any of the source material used to generate that information.

The trial court properly determined that because the judgment is a contingent liability it would not be included in the net worth calculation. *See McCullough*, 2012 WL 826177 at *1; *Anderton*, 326 S.W.3d at 726; *Montelongo*, 293 S.W.3d at 298-99. Further, the trial court had sufficient information upon which to exercise its discretion, and did not err in its application of that discretion in this case. *See Liebman v. Grand*, 981 S.W. 2d at 429. Bearing in mind that the fact

---

[5] Sewill and Chapman also testified at the hearing.

[6] Mr. Sanderson testified that the inclusion of the judgment on the balance sheets would be appropriate under Generally Accepted Accounting Principles. However, he did not testify that the judgment must be included in the net worth calculation for purposes of a supersedeas bond.

finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we conclude that the trial court's decision was neither arbitrary nor unreasonable. We find that the trial court did not abuse its discretion because the trial court did not act without reference to any guiding rules or principles. *Downer*, 701 S.W.2d at 241-42.

Appellants also argue that the trial court erred by increasing the amount of the supersedeas bond because they demonstrated that they were likely to suffer substantial economic harm if required to post the additional security. *See* TEX.R.APP.P. 24.2(b). Whether or not Appellants are likely to suffer substantial economic harm is a question of fact that we review for abuse of discretion. *Ramco Oil & Gas, Ltd.,* 171 S.W.3d at 918. Here, the evidence presented supported the trial court's findings that Appellants had access to the necessary funds to post an adequate bond to suspend enforcement of the judgment once the contingent liability of the judgment was removed from the net worth calculation for purposes of posting said bond. Under these circumstances, and in light of the evidence and in consideration of the entire record, the trial court did not abuse its discretion in concluding that Appellants would not suffer substantial economic hardship by posting the additional security required.

**CONCLUSION**

Appellants' Motion to Set Aside or Modify the Trial Court's Order Increasing Supersedeas Bond is DENIED. Further, our order issued on January 26, 2012 suspending enforcement of the judgment pending resolution of the Rule 24.4 motion is dissolved.


April 27, 2012                                    PER CURIAM

Before McClure, C.J., Rivera, and Antcliff, JJ.