ACCEPTED
01-14-01030-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/16/2015 4:09:26 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01030-CV

_____

<table>
<tr><td>IN THE<br>COURT OF APPEALS<br>FOR THE<br>FIRST SUPREME JUDICIAL DISTRICT OF TEXAS<br>HOUSTON, TEXAS</td><td>FILED IN<br>1st COURT OF APPEALS<br>HOUSTON, TEXAS<br>6/16/2015 4:09:26 PM<br>CHRISTOPHER A. PRINE<br>Clerk</td></tr>
</table>

_____

TARRIS WOODS, Appellant

v.

SANDRA T. KENNER AND CHARLES E.  TWYMON, JR., Appellees

_____

RESPONSE TO MOTION FOR REVIEW OF SUPERSEDEAS BOND

To the Honorable Court of Appeals:

Sandra T. Kenner and Charles E.  Twymon, Jr., Appellees, oppose the motion by Appellant, Tarris Woods, for this Court's review of the trial court's order establishing the Appellant's supersedeas bond, for these reasons:

I.

The Appellant would have the Court review the trial court's decision as to the amount of supersedeas bond to be filed by the Appellant.  This is an appeal from an order admitting a Will to probate as a muniment of title, requiring the trial court to set that bond amount.  Tex. R. App. P.  24.

II.

Review of a trial court ruling pertaining to appellate security is by motion to this Court, pursuant to Tex. R. App. P.  24.4.  This Court reviews that determination

under an abuse of discretion standard. Business Staffing, Inc. v. Jackson Hot Oil Service, 392 S.W.3d 183, 186 (Tex. App.-El Paso 2012, pet. denied). This appellate review implies "a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion?" Id.

In determining whether the trial court had sufficient information to support its exercise of discretion, the traditional standards utilized to review legal and factual sufficiency of the evidence are invoked. Id. For these reasons, appellate review of the trial court's order establishing the amount of supersedeas bond requires that the movant provide this Court with a sufficient record upon which to review the trial court's decision. See LMC Complete Auto., Inc. v. Burke, 229 S.W.3d 469, 481 (Tex. App.—Houston [1st Dist.] 2007, pet. denied), where this Court noted that the motion initially filed in that case had been denied, because of the failure to provide that record, and Montelongo v. Exit Stage Left, Inc., 293 S.W.3d 294, 298 (Tex. App.—El Paso, 2009, no pet.), addressing the merits of a similar motion, "[a]fter a review of the law, the briefs, and the record."

In this case, the Appellant submitted an appendix to his motion which appears to be a transcript of a portion of the proceedings below. However, that transcript appears to be limited to the trial court's announcement of its ruling, and does not

include any of the evidence actually presented and upon which the trial court's decision was actually based. Thus, and as in <u>LMC Complete Auto., Inc. v. Burke</u>, <u>supra</u>, the Appellant has not presented the record upon which this Court must conduct the review which the Appellants seeks.

For the reasons stated, Sandra T. Kenner and Charles E. Twymon, Jr., Appellees, pray that the Court deny the Appellant's Motion for Review of Supersedeas Bond.

Respectfully submitted,

/s/<u>Thomas W McQuage</u>
Thomas W. McQuage
Post Office Box 16894
Galveston, Texas 77552-6894
(409) 762-1104
(409) 762-4005 (FAX)
State Bar No. 13849400
mcquage@swbell.net
ATTORNEY FOR APPELLEES

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing instrument was delivered to counsel for the Appellees on the 16th day of June, 2015, by serving Douglas T. Godinich, through the Efile.TX Courts electronic service.

/s/<u>Thomas W McQuage</u>