**Affirmed and Opinion Filed April 10, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01168-CV**

**GREYSTAR DEVELOPMENT & CONSTRUCTION, LP; GABRIELLA TOWER, LLC; AND GREYSTAR DEVELOPMENT & CONSTRUCTION, LP—GABRIELLA TOWER CONTRACTOR SERIES, Appellants**
**V.**
**MICHELE WILLIAMS, JAMES KIRKWOOD, AND BIGGE CRANE & RIGGING, CO., Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-07310-B**

# OPINION ON MOTION TO REVIEW SUPERSEDEAS ORDER

Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Breedlove

Appellants/judgment debtors Greystar Development & Construction, LP;

Greystar Development & Construction, LP–Gabriella Tower Contractor Series; and

Gabriella Tower, LLC filed this appeal from the trial court's final judgment. The

judgment debtors filed a joint $25 million supersedeas bond, and the trial court

subsequently granted in part the motion of two appellees/judgment creditors to

review the joint bond. Among other things, the trial court determined that the joint

bond does not suspend enforcement of the judgment as to all judgment debtors, and

it ordered that each judgment debtor must post security in the amount required by § 52.006 of the Texas Civil Practice and Remedies Code; that the judgment debtors must immediately designate which judgment debtor the joint bond applies to; and that unless and until the judgment debtors file individual bonds and/or identify which judgment debtor the joint bond applies to, no valid bond is in place.

Judgment debtors filed the present rule 24.4 motion asking this Court to reverse the trial court's ruling and to confirm that the $25 million joint bond as originally filed is sufficient to suspend enforcement of the final judgment. At the heart of judgment debtors' motion is their contention that the $25 million cap in § 52.006 of the Texas Civil Practice and Remedies Code applies per judgment. Because we conclude that the statutory cap applies per judgment debtor, not per judgment, and for the other reasons set forth below, we deny the motion and affirm the trial court's bond ruling.

## PROCEDURAL BACKGROUND

On August 18, 2023, the trial court signed an interlocutory judgment in favor of appellees/judgment creditors Michele Williams and James Kirkwood and against appellants/judgment debtors Greystar Development & Construction, LP; Greystar Development & Construction, LP–Gabriella Tower Contractor Series; and Gabriella Tower, LLC. In the interlocutory judgment, judgment debtors were made jointly and severally liable for actual damages totaling $360,012,006.00 and prejudgment interest totaling at least $44,712,328.77, plus postjudgment interest and court costs.

–2–

Judgment debtors Greystar Development & Construction, LP–Gabriella Tower Contractor Series and Greystar Development & Construction, LP were each also made liable for exemplary damages totaling an additional $750,000, plus postjudgment interest. The trial court ordered that the interlocutory judgment would become final upon completion of certain actions required by a severance order issued that same date.

On August 21, 2023, judgment debtors filed a joint supersedeas bond in the amount of $25 million. The joint bond provides that "under no circumstances shall the liability of the surety exceed $25,000,000, the penal sum of this Bond." The court clerk filed and approved the bond on August 22, 2023.

The interlocutory judgment subsequently became final, and judgment debtors timely appealed in November 2023.

In early February 2024, judgment creditors filed an Emergency Motion to Review Greystar Defendants' Joint Supersedeas Bond. They argued that the judgment debtors could not suspend enforcement of the judgment by posting a joint bond totaling $25 million, taking the position that the $25 million statutory cap applies per judgment debtor, not per judgment. Judgment creditors asked the trial court to declare the joint supersedeas bond void and that enforcement of the judgment is not suspended.

Judgment debtors filed a response on February 5, 2024, the day the trial court held a hearing on the emergency motion. After the hearing, judgment debtors filed a supplemental response, and judgment creditors filed a reply.

On February 11, 2024, the trial court signed an order (the Bond Order) wherein it ordered, in pertinent part, the following:

(1) "[T]he Joint Supersedeas Bond filed by Defendants on August 23, 2023 [sic], does not comply with Tex. Civ. Prac. & Rem. Code § 52.006 and therefore DOES NOT suspend enforcement of the judgment entered by the Court as to all Defendants."

(2) "The Bond, as currently filed, can only be applied to one judgment debtor[;] therefore, it could only potentially suspend the judgment against one of the three judgment debtors. However, the bond does not identify a specific judgment debtor. Unless and until Defendants file individual bonds and/or identify which Defendant the current bond shall apply to, no valid bond is in place."

(3) "[A]s of the date of this order, the [C]ourt finds the bond insufficient for the reasons above. However, the Court DOES NOT vacate the current bond, because doing so would a) create more risk to the Plaintiffs and b) there is no showing that the surety is unable to secure the bond. Judgment debtors must immediately designate which judgment debtor the current bond applies to and []file additional bonds for each judgment debtor."

On February 13, 2024, in response to the Bond Order, judgment debtors filed a Notice of Designation of $25 Million Supersedeas Bond for One Defendant, designating Greystar Development & Construction, LP as the judgment debtor to which the joint bond applies. They made this designation subject to their right to seek appellate review of the Bond Order.

That same date, judgment debtors filed in this appeal (1) a Motion for Review of the Trial Court's Order Granting in Part Plaintiffs' Motion to Review Defendants' Joint Supersedeas Bond and (2) an Emergency Motion for Temporary Relief. We granted the emergency motion in part, staying portions of the Bond Order. *See* TEX. R. APP. P. 24.4(c).

In their motion to review, judgment debtors raise two issues: (1) whether the trial court abused its discretion by requiring them to file separate supersedeas bonds and (2) whether the trial court abused its discretion by declaring the joint supersedeas bond invalid and that execution of the final judgment was not suspended as to two judgment debtors. We overrule both issues.

## GOVERNING LAW

A judgment debtor may supersede a judgment by, among other things, filing with the trial court clerk a "good and sufficient bond." TEX. R. APP. P. 24.1(a)(2). A supersedeas bond preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken. *Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 395 n.6 (Tex. 2023).

Among other requirements, the bond must be in the amount required by rule 24.2. TEX. R. APP. P. 24.1(b)(1)(A). Rule 24.2 and § 52.006 of the Texas Civil Practice and Remedies Code govern the amount of security for a money judgment. Section 52.006 provides, in relevant part, as follows:

(a) Subject to Subsection (b), when a judgment is for money, the amount of security must equal the sum of:

    (1) the amount of compensatory damages awarded in the judgment;

    (2) interest for the estimated duration of the appeal; and

    (3) costs awarded in the judgment.

(b) Notwithstanding any other law or rule of court, when a judgment is for money, the amount of security must not exceed the lesser of:

    (1) 50 percent of the judgment debtor's net worth; or

    (2) $25 million.

TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b); *see also* TEX. R. APP. P. 24.2(a)(1). To be effective, a bond must be approved by the trial court clerk. TEX. R. APP. P. 24.1(b)(2).[1]

On the motion of any party, however, the trial court will review the bond. *Id.* A trial court has continuing jurisdiction to (1) "order the amount and type of security and decide the sufficiency of sureties" and (2) "if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution." TEX. R. APP. P. 24.3(a). When a trial court declares a bond insufficient, "the trial court is required to order the specific action it deems necessary to adequately protect the judgment creditor." *Miller v. Kennedy & Minshew, Pro.*

---

[1] Rule 24 was amended in December 2023. All references to rule 24 herein are to the version in effect prior to the 2023 amendments.

*Corp.*, 80 S.W.3d 161, 166 (Tex. App.—Fort Worth 2002, order), *disp. on merits*, 142 S.W.3d 325 (Tex. App.—Fort Worth 2003, pet. denied).

A party may challenge a trial court's supersedeas ruling by filing a motion pursuant to Texas Rule of Appellate Procedure 24.4. *Estate of Buchanan*, No. 05-19-01473-CV, 2020 WL 6791524, at *9 (Tex. App.—Dallas Nov. 19, 2020, no pet.) (mem. op.). Under that rule, an appellate court may review, among other things, the sufficiency or excessiveness of the amount of security; but when the judgment is for money, an appellate court must not modify the amount of security to exceed the limits imposed by rule 24.2(a)(1). TEX. R. APP. P. 24.4(a)(1), (5).

We review a trial court's ruling on the amount of a supersedeas bond for an abuse of discretion. *Combs v. Crepeau*, No. 05-23-00088-CV, 2023 WL 8251573, at *2 (Tex. App.—Dallas Nov. 29, 2023, order) (mem. op.). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id*. To the extent the trial court's ruling on the amount of a supersedeas bond turns on a question of law, we review the amount of the bond de novo. *Mansik & Young Plaza LLC v. K-Town Mgmt., LLC*, 470 S.W.3d 840, 841 (Tex. App.—Dallas 2015, order), *disp. on merits*,

No. 05-15-00353-CV, 2016 WL 4306900 (Tex. App.—Dallas Aug. 15, 2016, no pet.) (mem. op.).

**DISCUSSION**

**A.    Issue One: Whether the trial court abused its discretion by requiring judgment debtors to file separate bonds.**

Judgment debtors raise two reasons why they contend the trial court abused its discretion by requiring them to file three separate supersedeas bonds. First, they argue Texas law permits multiple judgment debtors to supersede a judgment through a joint bond. Second, they argue the $25 million supersedeas cap in § 52.006 of the Texas Civil Practice and Remedies Code applies per judgment and not per judgment debtor and thus the Bond Order exceeds the $25 million cap. We address judgment debtor's second argument first because it is dispositive.

**1.    The $25 million statutory cap applies per judgment debtor.**

There is a split of authority on whether the $25 million statutory cap in § 52.006 of the Texas Civil Practice and Remedies Code applies per individual judgment debtor or per judgment.

Judgment debtors rely upon *Huff Energy Fund, L.P. v. Longview Energy Company* wherein a majority of a panel on the San Antonio Court of Appeals concluded that the cap is applied per judgment and not per judgment debtor. 510 S.W.3d 479, 485 (Tex. App.—San Antonio 2014, order), *mand. denied on other grounds*, 464 S.W.3d 353 (Tex. 2015), *disp. on merits*, 482 S.W.3d 184 (Tex. App.—San Antonio 2015), *aff'd*, 533 S.W.3d 866 (Tex. 2017). In that case, the San

Antonio court reasoned that "[a]lthough Chapter 52 refers to 'judgment debtor' in the singular, the Legislature has instructed such number-specific references in codes are not dispositive." *Id*. at 484 (citing TEX. GOV'T CODE ANN. §§ 311.012(b), 312.003(a)). The court then construed the word "security" in § 52.006(a) as being linked to "the judgment." *Id*. at 485. Because there can be only one final judgment in a case, the court concluded that the "cap on the amount of security that must be posted to suspend a single final judgment applies without regard to the number of judgment debtors." *Id*. The court thus concluded that "under the plain language of the statute, the cap is applied per judgment and not per judgment debtor." *Id*.

Justice (now Chief Justice) Martinez dissented, concluding that the $25 million cap applies per judgment debtor. Among other things, Justice Martinez rejected the majority's construction of the term "security" because it disregarded the statutory definition of the term. *Id*. at 491 (Martinez, J., dissenting).

Judgment creditors, on the other hand, rely upon *John M. O'Quinn, PC v. Wood* wherein the Tyler Court of Appeals came to the opposite conclusion. No. 12-08-00011-CV, 2009 WL 2367133, at *5 (Tex. App.—Tyler June 10, 2009, order) (mem. op.). The Tyler court reasoned that § 52.001 of the civil practice and remedies code defined "security" to mean "a bond or deposit posted, as provided by the Texas Rules of Appellate Procedure, by *a judgment debtor* to suspend execution of the judgment during appeal of the judgment." *Id*. at *4 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 52.001) (emphasis added).

Although § 311.012(b) of the Code Construction Act provides that "[t]he singular includes the plural and the plural includes the singular," the Tyler court noted that § 311.011(a) also provides that "[w]ords and phrases shall be read in context." *Id*. at *5 (quoting TEX. GOV'T CODE ANN. §§ 311.012(b) and 311.011(a)). The Tyler court concluded that the Code Construction Act expresses a legislative preference for contextual interpretation. *Id.* (citing TEX. GOV'T CODE ANN. § 311.011(a), which sets forth a general rule requiring words and phrases to be read in context; *id.* § 311.005, which provides definitions for certain words unless the statute or the context in which a word or phrase is used requires a different definition; and *id*. § 311.016, which provides general definitions for words and phrases in a statute unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute).

The Tyler court went on to explain that Chapter 52 pertains solely to the security that must be posted to supersede a money judgment. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 52.001, .005, .006). There is not one single reference in Chapter 52 to "judgment debtors" in the plural. *Id*. "All references are to 'a judgment debtor' or 'the judgment debtor,' and we see nothing in chapter 52 to indicate a legislative intent that these terms include the plural." *Id*. "Moreover, when determining the maximum amount of security, '*the* judgment debtor's net worth' must be calculated per judgment debtor, rather than collectively." *Id*. (emphasis

–10–

added). Thus, the Tyler court concluded, "'the judgment debtor' is singular in that context." *Id.*

The Tyler court further noted that the appellants in that case conceded that when calculating net worth, "the judgment debtor" in § 52.006(b)(1) is singular; the appellants did not contend that "the judgment debtor" as used elsewhere in Chapter 52 included the plural; and the appellants did not explain how "the judgment debtor" (with respect to the net-worth calculation) can be singular but "a judgment debtor" (in the definition of "security") must include the plural. *Id.* at *6. Based on this reasoning, the Tyler Court of Appeals concluded that the plain language of § 52.006(b), when read with § 52.001, demonstrates a legislative intent that the $25 million limitation be applied per judgment debtor rather than per judgment. *Id.* at *4, *6.

We find the reasoning of the Tyler Court of Appeals and the dissent in *Huff Energy Fund* persuasive and apply it here. We similarly note that, like the appellants in *John M. O'Quinn*, judgment debtors concede that the phrase "the judgment debtor" in § 52.006(b)(1) with respect to a net-worth calculation refers to "an individual 'judgment debtor,'" and they do not contend that "the judgment debtor" as used elsewhere in Chapter 52 includes the plural.

Judgment debtors seemingly attempt to explain how "*the* judgment debtor" in § 52.006(b)(1) can be singular and "*a* judgment debtor" in § 52.001 must include the plural by arguing that "subsections (b)(1) (the 50% net-worth cap) and (b)(2) (the

$25 million supersedeas cap)" are "two separate statutory caps." We reject that argument. They cite no supporting authority, and their argument is contrary to the plain language of Chapter 52. Section 52.006(b) establishes one cap, not two.

Judgment debtors also argue that construing the $25 million cap as applying per judgment fulfills the purpose of protecting judgment debtors' ability to appeal. Even if that is true (as it would reduce the amount of required security in cases such as this), they do not explain why construing the $25 million cap in § 52.006(b) as applying per judgment debtor does not also fulfill that same purpose. We conclude that it does for two reasons. First, the amount of security still may not exceed fifty percent of a judgment debtor's net worth if that amount is less than $25 million. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b). Second, a judgment debtor may still seek a reduction in the amount of required security by invoking § 52.006(c). That statute provides as follows:

> On a showing by the judgment debtor that the judgment debtor is likely to suffer substantial economic harm if required to post security in an amount required under Subsection (a) or (b), the trial court shall lower the amount of the security to an amount that will not cause the judgment debtor substantial economic harm.

*Id*. § 52.006(c). Thus, § 52.006 gives the trial courts latitude in further reducing the amount of required security. *In re Longview Energy Co.*, 464 S.W.3d 353, 358–59 (Tex. 2015) (orig. proceeding). These safeguards remain in place even if the $25 million cap applies per judgment debtor rather than per judgment.

Judgment debtors further argue that the legislature knew the difference between the term "judgment" and the phrase "judgment debtor" and how to refer to the latter when it wanted to. They contend that the legislature's deliberate use of the term "judgment" rather than "judgment debtor" in § 52.006(b) when it uses the phrase "judgment debtor" throughout the rest of the statute must be given effect, citing § 52.006(b)(1), (c), (e).[2] This argument is not persuasive. The phrase "when a judgment is for money" in § 52.006(b) identifies the type of judgment to which the $25 million statutory cap applies. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b). Replacing the word "judgment" with the phrase "judgment debtor" in § 52.006 would make the statute nonsensical. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014) ("We must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.") (internal quotation marks and citation omitted). Thus, we do not construe § 52.006(b) as being an example of the legislature's choosing to use the term "judgment" instead of the phrase "judgment debtor."

Accordingly, we hold that the $25 million cap in § 52.006 of the Texas Civil Practice and Remedies Code applies per judgment debtor and not per judgment.

---

[2] Judgment debtors also cite § 52.007, but this is a new section that applies to civil actions commenced on or after September 1, 2023, and thus is inapplicable to this case.

## 2. The trial court acted reasonably when requiring judgment debtors to post separate bonds.

In addition to the amount of security required, judgment debtors challenge the trial court's ordering them to file multiple bonds to suspend the judgment rather than a joint bond. They argue that the joint bond expressly binds judgment debtors "as principals" and the surety to pay appellees "the compensatory damages, costs, prejudgment interest and postjudgment interest awarded against [judgment debtors] in the Final Judgment, up to the amount of this bond," which they argue invokes the $25 million cap under § 52.006. They contend that each of them "is individually 'saddled with the obligation of paying' the full $25 million amount of the statutory cap, and the Plaintiffs 'are free to seek [their] payment from whichever judgment [debtor] [they] choose[]." We do not find their arguments persuasive.

Judgment debtors' position that they may file a single joint bond in the amount of $25 million is based on their assumption that the $25 million cap in § 52.006 applies per judgment. We conclude above that the statutory cap applies per judgment debtor. We recognize that each judgment debtor is jointly and severally liable for a judgment in an amount that exceeds the $25 million statutory cap. But the surety on the bond in this case is liable only for an amount up to $25 million, not $25 million for each judgment debtor. Each judgment debtor who seeks to suspend enforcement of the judgment during the pendency of the appeal must supersede the judgment. *See* TEX. R. APP. P. 24.1(a) (stating, "*a* judgment debtor may supersede the judgment") (emphasis added). Here, even if a joint bond would allow appellees to seek payment

–14–

from the surety on a judgment against any judgment debtor, the surety's liability is limited to only $25 million. This is sufficient security for one judgment debtor, but it is not sufficient for all three.

Accordingly, on this record, we conclude the trial court acted within its discretion by requiring each judgment debtor to post separate bonds. We overrule judgment debtors' first issue.

**B.      Issue Two: Whether the trial court abused its discretion by declaring the joint bond invalid and execution of the Final Judgment not suspended as to two judgment debtors.**

In their second issue, judgment debtors contend that the trial court abused its discretion by declaring the joint bond immediately invalid as to two judgment debtors and by declaring that enforcement of the final judgment was not suspended as to those two entities.[3] They argue that the trial court's plenary power expired on December 28, 2023, that they timely perfected their appeal and invoked this Court's appellate jurisdiction over all parties to the trial court's judgment, and thus the trial court's authority when it signed the Bond Order in February 2024 was limited to those actions permitted by rule 24.3(a). Judgment debtors argue that the Bond Order does not "modify" a bond amount pursuant to rule 24.3(a); rather, in their view, it

---

[3] We note that in the Bond Order, the trial court did not declare the joint bond invalid as to any specific judgment debtor, nor did it declare that enforcement of the final judgment was not suspended as to any specific judgment debtor. We understand, however, that judgment debtors are referring to judgment debtors Greystar Development & Construction, LP–Gabriella Tower Contractor Series and Gabriella Tower, LLC because they did not designate these two entities as the judgment debtor to which the joint bond applies.

canceled a joint bond filed by two of the three defendants and exceeded the limited grant of continuing jurisdiction under rule 24.3. We disagree.

The fundamental flaw in judgment debtors' argument is their failure to recognize that the trial court's determination that the joint bond was insufficient and failed to comply with § 52.006—standing alone—rendered the joint bond ineffective to suspend enforcement of the judgment as to any judgment debtor.

The joint bond, even if insufficient, was initially effective to suspend enforcement of the judgment upon the court clerk's filing and approving of the joint bond on August 22, 2023. *See* TEX. R. APP. P. 24.1(b)(2); *see also*, *e.g.*, *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex. App.—San Antonio Feb. 7, 2018, orig. proceeding) (mem. op.) (holding that a cash deposit in lieu of bond, even if insufficient, was valid to supersede the judgment prior to a ruling by the trial court on judgment creditor's contest to the judgment debtor's net-worth affidavit). But judgment creditors subsequently filed their motion to review the joint bond. *See* TEX. R. APP. P. 24.1(b)(2). Judgment debtors acknowledge in their briefing that the trial court has continuing jurisdiction to review and modify the amount of the bond. *See* TEX. R. APP. P. 24.3(a). When ruling on judgment creditors' motion, the trial court had no discretion in setting the amount of security that judgment debtors must post under rule 24.2(a)(1) and § 52.006 because the joint bond relied upon on the $25 million cap, not any net-worth calculation; the amount of security required was determined by a straightforward calculation of a monetary

–16–

judgment; the amount of each judgment debtor's liability in the monetary judgment exceeds the $25 million cap; and judgment debtors raised no issue concerning substantial economic harm if required to post security in the required amount. TEX. R. APP. P. 24.2(a)(1), (b), (c); TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b); *see also John M. O'Quinn*, 2009 WL 2367133, at *1 ("[W]hen a judgment is for money, the amount of security required to supersede the judgment equals the sum [of the items listed in § 52.006 and rule 24.2(a)(1)].").

On February 11, 2024, the trial court ruled on judgment creditors' motion and determined that the joint bond was insufficient and did not comply with § 52.006 because each judgment debtor must post security in the amount required by § 52.006. Upon the trial court's making that determination, the judgment became enforceable against *each* judgment debtor *by operation of law*. Once the trial court signed the Bond Order, the joint bond no longer suspended enforcement of the judgment because judgment debtors had failed to post a "good and sufficient bond." TEX. R. APP. P. 24.1(a)(2). The joint bond was not in the amount required to suspend enforcement of the judgment as to the three judgment debtors. *See* TEX. R. APP. P. 24.1(b)(1)(A), 24.2(a)(1); TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b).

Judgment debtors' arguments about whether the trial court had authority to "cancel" the joint bond or to permit enforcement of a superseded judgment under any provision of rule 24—including under rule 24.3 or 24.1—after expiration of its plenary power are inapposite. In the Bond Order, the trial court did not "cancel" the

–17–

joint bond, as judgment debtors contend.[4] The trial court merely made explicit what is implicit in rule 24: namely, that the judgment became enforceable against the judgment debtors once the trial court determined that the joint bond was insufficient and did not comply with § 52.006. This would be the effect of the trial court's bond ruling even if the Bond Order had omitted the language judgment debtors challenge in their second issue.[5]

Judgment debtors cite no authority and provide no argument explaining how their joint bond *continued* to suspend enforcement of the judgment *once* the trial court ruled that the joint bond was insufficient and did not comply with § 52.006. At best, judgment debtors cite *Shopoff Advisors*, 2018 WL 733789, at *3, for the proposition that if a supersedeas bond currently in place is insufficient, there is a remedy: the rules provide for modification of the amount of the supersedeas. But their reliance upon *Shopoff Advisors* is misplaced. In that case, the trial court granted a judgment creditor's motion enforcing a judgment even though the judgment debtor had filed a cash deposit in lieu of a supersedeas bond and an affidavit of net worth.

---

[4] We also note that in the Bond Order, the trial court expressly denied judgment creditors' request that it vacate the joint bond.

[5] We acknowledge that when a judgment debtor provides a bond in an amount that is based on the judgment debtor's net worth and the trial court orders additional or other security to supersede the judgment, rule 24.2 expressly provides that "enforcement of the judgment will be suspended for twenty days after the trial court's order." TEX. R. APP. P. 24.2(c)(3). If the judgment debtor does not comply with the order within that period, the judgment may be enforced against the judgment debtor. *Id*. But the amount of the bond here was not based on any judgment debtor's net worth. Judgment debtors do not cite any applicable rule suspending enforcement of the judgment in the situation presented, and we have found none.

*Id*. at *1. The judgment creditor had filed a contest on the judgment debtor's net-worth affidavit, but the trial court had not ruled on it when it granted the enforcement motion. *Id*. at *2. Thus, the appellate court concluded, the judgment debtor's cash deposit, even if insufficient, was valid to supersede the trial court's judgment. *Id.* at *3. The appellate court made it clear that the judgment creditor still had a remedy: seeking modification of the amount of the cash deposit in lieu of bond. *Id*. Thus, *Shopoff Advisors* does not stand for the proposition that a judgment remains suspended after a trial court determines that the amount of a bond is insufficient. Rather, it stands for the proposition that filed and approved security, even if the amount is insufficient, is valid to suspend enforcement of a judgment *prior to* a trial court's determinations that the security is insufficient.[6]

In the instant case, upon its determination that the joint bond was insufficient and did not comply with § 52.006, the trial court was required to order the specific action it deemed necessary to adequately protect the judgment creditor. *Miller*, 80 S.W.3d at 166 (citing rule 24.1(e), which allows a trial court to "make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause"). The trial court provided the required instructions in the Bond

---

[6] Judgment debtors also cite *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (orig. proceeding) (per curiam), to argue that the Bond Order is void. *Elizondo* is inapposite because it addresses the finality of judgments; it does not address a trial court's determination that a supersedeas bond is insufficient or a trial court's instructions on what actions a judgment debtor must take to adequately protect a judgment creditor under rule 24 after expiration of its plenary power.

Order: it required judgment debtors to immediately designate one judgment debtor to which the joint bond would apply, and it required the remaining two judgment debtors to each file security in the amount required by § 52.006. Judgment debtors designated Greystar Development & Construction, LP as the defendant to which the joint bond applies.

Judgment debtors provide no argument and cite no authority explaining what the trial court was required to do, or what it should have done, differently once it determined that the joint bond was insufficient and did not comply with § 52.006. On the facts of this case, we cannot say the trial court abused its discretion by explicitly declaring the judgment was not suspended as to the two judgment debtors and that no valid bond was in place unless and until they file individual bonds and/or identify to which judgment debtor the joint bond applied.

When a trial court increases the amount of a supersedeas bond, which is essentially what happened here, the judgment debtor may seek review of the trial court's ruling by filing a rule 24.4 motion in the appropriate appellate court without posting the increased bond. *See* TEX. R. APP. P. 24.4(a). But enforcement of the judgment is not suspended unless the judgment debtor also requests and obtains a stay of enforcement of the judgment pending the appellate court's determination of the rule 24.4 motion. *See Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 392 S.W.3d 183, 188 (Tex. App.—El Paso, order) (noting appellate court had issued order suspending enforcement of the judgment pending resolution of rule 24.4 motion),

–20–

*disp. on merits*, 401 S.W.3d 224 (Tex. App.—El Paso 2012, pet. denied); *Gullo-Haas Toyota, Inc. v. Davidson, Eagleson & Co.*, 832 S.W.2d 418, 419 (Tex. App.—Houston [1st Dist.] 1992, order) (per curiam) (noting that appellants' cash deposit was "not sufficient to suspend the execution of the judgment because it does not cover the full amount of the judgment and does not include costs and post-judgment interest").

Accordingly, when the trial court ordered in the Bond Order that the joint bond "does not suspend enforcement of the judgment . . . as to all Defendants," that the judgment debtors had to "immediately designate which judgment debtor" the joint bond applies to and to file additional bonds for the other judgment debtors, and that "[u]nless and until Defendants file individual bonds and/or identify which Defendant the current bond shall apply to, no valid bond is in place," it acted within its authority under rule 24. The trial court merely made explicit the implicit legal implications of its insufficiency ruling under rule 24.3—that enforcement of the judgment was not suspended—and it provided instructions on what judgment debtors needed to do to adequately protect the judgment creditors under rule 24.1. The trial court did not abuse its discretion when it included the challenged rulings in the Bond Order. We overrule judgment debtors' second issue.[7]

---

[7] In the Bond Order, the trial court also ordered that "[t]he validity of any valid lien filed by Plaintiffs is not impaired due to the filing of the current Joint Supersedeas Bond filed by Defendants on August 23, 2023 [sic]." In the background section of their motion, judgment debtors list this declaration among the rulings made in the Bond Order, but they do not raise any argument

## CONCLUSION

We affirm the trial court's Bond Order and lift the stay issued by this Court's February 14, 2024 order and clarified by our March 15, 2024 order.

231168f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

---

challenging that portion of the Bond Order in their second issue. Thus, we do not address this portion of the Bond Order, nor do we express any opinion on whether we would have jurisdiction to do so.